(125 P.3d 578)
No. 93,887
93,888

STATE OF KANSAS, *Appellee*, v. GEORGE D. WILLIAMS, *Appellant*.

—

Opinion filed January 6, 2006.

*Sarah Ellen Johnson*, assistant appellate defender, for the appellant.

*R. Douglas Sebelius*, assistant county attorney, and *Phill Kline*, attorney general, for the appellee.

Before MARQUARDT, P.J., PIERRON, J., and BUKATY, S.J.

BUKATY, J.: George D. Williams appeals the revocation of his probation. We reverse and remand with directions.

Williams pled guilty to five counts of giving a worthless check. The trial court then sentenced him to an underlying prison term of 24 months and placed him on probation for 12 months. The State subsequently filed a motion to revoke the probation. At the hearing on the motion, the court found Williams to be in violation of the conditions of his probation. The court revoked the probation and ordered Williams to serve his underlying prison sentence.

Williams argues the trial court erred when it ordered him to serve his underlying prison sentence without first considering placement at Labette Correctional Conservation Camp (Labette). He refers us to the record and argues that it fails to reflect that the trial court at any time considered placement at Labette.

The State argues that the record is sufficient to establish that the trial court did consider placing Williams at Labette. Even though the State does not point to any reference in the record

where the trial court indicated it had considered such placement, the State contends that the court had before it the affidavit of Ray G. Dreher, the intensive supervision officer for Williams. That affidavit states that Williams does not meet the general eligibility criteria for Labette because of his age and prior incarceration in a penal institution. The State argues that the affidavit was presented to the court and Williams cannot assume the court did not consider this evidence.

This issue involves interpretation of a statute. "Interpretation of a statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. [Citation omitted.]" *State v. Maass,* 275 Kan. 328, 330, 64 P.3d 382 (2003).

K.S.A. 2004 Supp. 21-4603d(g) states in relevant part:

*"[P]rior to revocation of a nonprison sanction of a defendant whose offense is classified in the presumptive nonprison grid block of either sentencing guideline grid or grid blocks 5-H, 5-I or 6-G of the sentencing guidelines grid for nondrug crimes* or in grid blocks 3-E, 3-F, 3-G, 3-H or 3-I of the sentencing guidelines grid for drug crimes, *the court shall consider placement of the defendant in the Labette correctional conservation camp, conservation camps established by the secretary of corrections pursuant to K.S.A. 75-52,127, and amendment thereto or a community intermediate sanction center.* Pursuant to this paragraph the defendant shall not be sentenced to imprisonment if space is available in a conservation camp or a community intermediate sanction center and the defendant meets all of the conservation camp's or a community intermediate sanction center's placement criteria unless the court states on the record the reasons for not placing the defendant in a conservation camp or a community intermediate sanction center." (Emphasis added.)

Ordinary words are to be given their ordinary meaning, and a statute should not be read so as to add that which is not readily found therein or to read out what as a matter of ordinary English language is found in it. *GT, Kansas, L.L.C. v. Riley County Register of Deeds,* 271 Kan. 311, 316, 22 P.3d 600 (2001).

Simply put, K.S.A. 2004 Supp. 21-4603d(g) mandates that a trial court consider Labette in certain situations and note its consideration on the record. *State v. Schick,* 25 Kan. App. 2d 702, 704, 971 P.2d 346 (1998), *rev. denied* 266 Kan. 1114 (1999). One of those situations is present in this case.

Williams' criminal history and crime severity level placed him in a presumptive nonprison block on the sentencing grid. In such a case, K.S.A. 2004 Supp. 21-4603(g) clearly specifies that the trial court shall consider placement in Labette prior to the revocation of the defendant's nonprison sanction of probation. The record here does not reflect whether the trial court afforded Williams that statutory consideration. We cannot assume that it did absent a clear indication on the record.

Although the trial court may find that Williams does not meet the placement criteria because of his age and prior incarceration in a penal institution as stated in the affidavit offered by the State, we must remand this case for the trial court to note its consideration of Labette on the record in compliance with K.S.A. 2004 Supp. 21-4603d(g).

Reversed and remanded with directions.