(195 P.3d 1220)
No. 98,699

STATE OF KANSAS, *Appellee,* v. RANDY WAYNE ANDELT, *Appellant.*

Opinion filed November 21, 2008.

*Michelle Davis,* of Kansas Appellate Defender Office, for appellant.

*Brian S. Carroll,* county attorney, and *Stephen N. Six,* attorney general, for appellee.

Before HILL, P.J., MCANANY and STANDRIDGE, JJ.

HILL, J.: In this appeal we must answer the question whether a sentencing court may impose a prison sentence on a defendant whose criminal history score presumptively qualifies him for drug abuse treatment. Randy Wayne Andelt, on parole for a felony in Nebraska, pleaded no contest to possession of methamphetamine in Kansas. His criminal history score placed Andelt in a sentencing category calling for drug abuse treatment. The district court sent him to prison instead. We hold Andelt's sentence was a proper guidelines sentence because our sentencing statutes do not compel a court to impose a nonprison sentence, even if presumed, when an offender commits a new felony while the offender is on parole. Therefore, we dismiss this appeal because we have no jurisdiction to review the sentence.

*The background facts show a plea, a sentence, and an appeal.*

Randy Wayne Andelt entered a plea of no contest in Marshall County to one count of possession of methamphetamine, a severity level 4 drug felony, in violation of K.S.A. 65-4160(a). The district

court accepted Andelt's plea. In March 2007, the court passed sentence on Andelt.

At the sentencing hearing, both sides agreed that Andelt's criminal history score was E. Under this classification, Andelt's offense placed him in a 4-E grid block of the sentencing guidelines for drug crimes. This qualified him for a nonprison sanction of certified drug treatment under Senate Bill 123. Despite this qualification, the sentencing court declined to impose the nonprison sentence. The sentencing court, citing K.S.A. 21-4603d(f), sentenced Andelt to the standard prison term of 20 months, with a postrelease supervision term of 12 months. The court reasoned that Andelt's extensive criminal history, and the fact he was on parole from a Nebraska felony conviction when he committed this crime, required a prison sanction.

On appeal, Andelt argues the district court erred when it declined to sentence him to a nonprison sanction of drug abuse treatment under Senate Bill 123 as provided by K.S.A. 21-4729.

*We look at statutory exceptions found within the sentencing guidelines.*

From time to time our Kansas Legislature will compress new laws that affect several existing statutes into one large bill. Such a bill is Senate Bill 123, passed in 2003. It is comprised of 11 sections and amends several statutes. L. 2003, ch. 135, sec. 1. Section 1 of Senate Bill 123, which became K.S.A. 2003 Supp. 21-4729, sets up a nonprison sanction of certified drug treatment for certain offenders who are sentenced on or after November 1, 2003. See *State v. Bee*, 39 Kan. App. 2d 139, 143, 179 P.3d 466, *aff'd* 288 Kan. 733, 207 P.3d 244 (2009); L. 2003, ch. 135, sec. 1.

The law limits this nonprison sanction to qualifying adult offenders. They must be convicted of a violation of K.S.A. 65-4160 or 65-4162, and their offense and criminal history score must place them in sentencing grid blocks 4-E, 4-F, 4-G, 4-H, or 4-I on the drug crime sentencing grid. Plus, the offender must have no felony conviction for a violation of K.S.A. 65-4142, 65-4159, 65-4161, 65-4163, or 65-4164. See K.S.A. 21-4729(a)(1). If the offender meets all these requirements, K.S.A. 21-4729(c) states that "[t]he sen-

tencing court *shall* commit the offender to treatment in a drug abuse treatment program until determined suitable for discharge by the court but the term of treatment shall not exceed 18 months." (Emphasis added.)

In its entirety, K.S.A. 21-4603d(n) reads:

"(n) *Except as provided by subsection (f) of K.S.A. 21-4705*, and amendments thereto, *in addition to any of the above*, for felony violations of K.S.A. 65-4160 or 65-4162, and amendments thereto, *the court shall require the defendant who meets the requirements established in K.S.A. 21-4729, and amendments thereto, to participate in a certified drug abuse treatment program*, as provided in K.S.A. 2007 Supp. 75-52,144, and amendments thereto, including but not limited to, an approved after-care plan. If the defendant fails to participate in or has a pattern of intentional conduct that demonstrates the offender's refusal to comply with or participate in the treatment program, as established by judicial finding, the defendant shall be subject to revocation of probation and the defendant shall serve the underlying prison sentence as established in K.S.A. 21-4705, and amendments thereto. For those offenders who are convicted on or after the effective date of this act, upon completion of the underlying prison sentence, the defendant shall not be subject to a period of postrelease supervision. The amount of time spent participating in such program shall not be credited as service on the underlying prison sentence." (Emphasis added.)

A careful reading of the statute reveals exceptions to K.S.A. 21-4729's mandatory imposition of the drug abuse treatment program. According to the first sentence of K.S.A. 21-4603d(n), those exceptions are (1) K.S.A. 21-4705(f) and (2) all subsections previous to subsection (n) contained in K.S.A. 21-4603d. The latter exception is interpreted from subsection (n)'s use of the phrase "in addition to any of the above," which is found throughout K.S.A. 21-4603d to refer to the statute's other subsections. See K.S.A. 21-4603d(b)(1) ("[i]n addition to or in lieu of any of the above"); K.S.A. 21-4603d(c) ("[i]n addition to or in lieu of any of the above"); K.S.A. 21-4603d(d) ("[i]n addition to any of the above"); and K.S.A. 21-4603d(i) ("[i]n addition to any of the above"). Thus, in reading the text of K.S.A. 21-4603d(n), it is reasonable to conclude the legislature intended for exceptions to K.S.A. 21-4729, which include K.S.A. 21-4603d(f).

Criminal statutes must be strictly construed in favor of the accused. "Any reasonable doubt regarding the meaning of the statute

is resolved in favor of the accused. Nevertheless, judicial interpretation must be sensible and reasonable to effect the legislative design and intent. [Citation omitted.]" *State v. Snow*, 282 Kan. 323, 340, 144 P.3d 729 (2006).

The intent of the legislature here is clear. K.S.A. 21-4603d(f) states a sentencing court is not required to impose a nonprison sentence, *even if such a sentence is presumed*, in certain circumstances. Those circumstances are described in the statute. K.S.A. 21-4603d(f)(1) provides:

> "*When a new felony is committed* while the offender is incarcerated and serving a sentence for a felony or *while the offender is on* probation, assignment to a community correctional services program, *parole*, conditional release, or post-release supervision for a felony, a new sentence shall be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608, and amendments thereto, and *the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence.* In this event, imposition of a prison sentence for the new crime does not constitute a departure." (Emphasis added.)

The sentencing court did not commit reversible error when it obeyed K.S.A. 21-4603d(f) and sentenced Andelt to the guidelines prison term for his crime. Contrary to Andelt's argument, there is no conflict between K.S.A. 21-4603d(f) and K.S.A. 21-4729. K.S.A. 21-4603d(n) was also a part of Senate Bill 123. The law provides exceptions to the compulsory imposition of a nonprison drug treatment program described in K.S.A. 21-4729. Further, K.S.A. 21-4603d(n)'s use of the phrase "in addition to any of the above" shows the legislature's intent for K.S.A. 21-4603d(f) to be one of those exceptions.

Therefore, this court lacks jurisdiction to further review the sentence imposed. After all, imposition of a prison sentence for the new crime does not constitute a departure. See K.S.A. 21-4603d(f). K.S.A. 21-4721(c)(1) directs that the appellate court must not review any sentence that is within the presumptive sentence for the crime.

We need not analyze Andelt's second issue complaining about the court imposing a term of postrelease supervision. K.S.A. 22-3717(d)(1)(C) mandates that "persons sentenced for . . . drug se-

verity level 4 crimes must serve 12 months, plus the amount of good time earned and retained pursuant to K.S.A. 21-4722, and amendments thereto, on postrelease supervision."

Appeal dismissed.