(211 P.3d 847)
No. 100,176

STATE OF KANSAS, *Appellee,* v. WILLIAM E. CASEY, *Appellant.*

Opinion filed July 17, 2009.

*Carl Folsom, III*, of Kansas Appellate Defender Office, for appellant.

*Tony Cruz*, assistant county attorney, and *Steve Six*, attorney general, for appellee.

Before MCANANY, P.J., GREEN and CAPLINGER, JJ.

GREEN, J.: William Casey appeals from his sentence for one count of possession of cocaine in violation of K.S.A. 65-4160. The sole argument raised by Casey is that the trial court erred in sentencing him to prison under K.S.A. 21-4603d(f)(3) instead of ordering him to complete mandatory drug abuse treatment under K.S.A. 21-4729. We agree with Casey's argument. Applying the rules of statutory construction and examining the legislative history of K.S.A. 21-4603d(n) and K.S.A. 21-4729, we determine that the legislature intended for the provisions of K.S.A. 21-4603d(n) and K.S.A. 21-4729 to trump the application of K.S.A. 21-4603d(f)(3) for certain drug offenders. Because Casey should have been ordered to complete mandatory drug abuse treatment under K.S.A. 21-4603d(n) and K.S.A. 21-4729, we vacate Casey's sentence and remand for resentencing.

Casey pled no contest to one count of possession of cocaine, a drug severity level 4 nonperson felony. Based on the presentence investigation report (PSI), the sentence for Casey's possession of cocaine conviction would be presumptive probation subject to mandatory drug abuse treatment under K.S.A. 21-4729. Nevertheless, Casey's PSI stated that Casey had committed his possession of cocaine offense while he was on felony bond and that a "new sentence may be imposed pursuant to consecutive sentencing provisions in K.S.A. 21-4608 and the court may impose prison even if presumption is nonprison." See K.S.A. 21-4603d(f).

At sentencing, the State recommended that the trial court place Casey on probation for 18 months with community corrections and impose an underlying prison sentence of 17 months. The State

further requested that the trial court order Casey to complete the mandatory drug abuse treatment. Casey also asked the trial court to allow him to continue with a drug abuse treatment program. Nevertheless, the trial court noted that because Casey had been arrested while on felony bond, his conviction no longer carried a presumptive probation sentence with mandatory drug treatment. The trial court sentenced Casey to 17 months in prison.

On appeal, Casey contends that the trial court erred in sentencing him to prison under K.S.A. 21-4603d(f)(3) instead of placing him on probation and ordering him to complete mandatory drug abuse treatment under K.S.A. 21-4729.

## I. Is Casey's issue properly before this court?

In his appellate brief, Casey states that although he did not object at the trial court level, this court can correct an illegal sentence at any time. Nevertheless, a review of the sentencing transcript reveals that this issue was adequately raised before the trial court. Both the State and Casey asked the trial court to order Casey to complete drug abuse treatment. Nevertheless, the trial court specifically determined that because Casey had committed the crime while on felony bond, he would be ordered to serve a prison sentence. Under these circumstances, where the trial court considered the particular issue that is now before this court, we determine that Casey can properly raise the issue on appeal. See *Huffmier v. Hamilton*, 30 Kan. App. 2d 1163, 1167, 57 P.3d 819 (2002) (if the trial court addresses an issue, appellate courts can address the issue even though the appellant did not raise the issue below or in briefs).

## II. Did the trial court err in imposing a prison sentence?

The present case requires this court to determine the extent that K.S.A. 21-4729's requirement of imposing mandatory drug abuse treatment for a defendant convicted of committing a crime under K.S.A. 65-4160 and K.S.A. 65-4162 applies when the defendant has committed the crime while on felony bond. This issue requires interpretation of K.S.A. 21-4729, K.S.A. 21-4603d(f)(3), and K.S.A. 21-4603d(n). In addition, Casey urges this court to consider K.S.A.

21-4705(f), which, although not applicable to the factual situation here, further evidences the legislature's intent to impose mandatory drug abuse treatment for defendants convicted of crimes under K.S.A. 65-4160 and K.S.A. 65-4162.

## A. *Standards of Review*

The interpretation of sentencing statutes presents a question of law over which our standard of review is unlimited. *State v. Ruiz-Reyes*, 285 Kan. 650, 653, 175 P.3d 849 (2008). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007). An appellate court's first task is to "ascertain the legislature's intent through the statutory language it employs, giving ordinary words their ordinary meaning." *State v. Stallings*, 284 Kan. 741, 742, 163 P.3d 1232 (2007). When construing statutes to determine legislative intent, appellate courts must consider various provisions of an act *in pari materia* with a view of reconciling and bringing the provisions into workable harmony if possible. *State v. Breedlove*, 285 Kan. 1006, 1015, 179 P.3d 1115 (2008).

When a statute is plain and unambiguous, courts do not speculate as to the legislative intent behind it and will not read the statute to add something not readily found within it. Courts need not resort to statutory construction. Nevertheless, if the statute's language or text is unclear or ambiguous, courts move to the next analytical step, applying canons of construction or relying on legislative history construing the statute to effect the legislature's intent. *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025 (2007) *cert. denied* 172 L. Ed. 2d 239 (2008).

## B. *Applicable Statutes*

K.S.A. 21-4729 provides for a nonprison sanction of certified drug abuse treatment for certain offenders sentenced on or after November 1, 2003. The nonprison sanction is limited to adult offenders convicted of a violation of K.S.A. 65-4160 and K.S.A. 65-4162 with the following additional requirements:

"(1) Whose offense is classified in grid blocks 4-E, 4-F, 4-G, 4-H or 4-I of the sentencing guidelines grid for drug crimes and such offender has no felony conviction of K.S.A. 65-4142, 65-4159, 65-4161, 65-4163 or 65-4164, and amendments thereto or any substantially similar offense from another jurisdiction; or

"(2) whose offense is classified in grid blocks 4-A, 4-B, 4-C or 4-D of the sentencing guidelines grid for drug crimes and such offender has no felony conviction of K.S.A. 65-4142, 65-4159, 65-4161, 65-4163 or 65-4164, and amendments thereto, or any substantially similar offense from another jurisdiction, if such person felonies committed by the offender were severity level 8, 9 or 10 or nongrid offenses of the sentencing guidelines grid for nondrug crimes and the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will not be jeopardized by such placement in a drug abuse treatment program."

If the offender meets all these requirements, "[t]he sentencing court shall commit the offender to treatment in a drug abuse treatment program until determined suitable for discharge by the court but the term of treatment shall not exceed 18 months." K.S.A. 21-4729(c).

In his appellate brief and at oral argument, Casey points out that K.S.A. 2008 Supp. 21-4705(f) creates an exception to the nonprison sanction in K.S.A. 21-4729. When a defendant is convicted of a third or subsequent felony under K.S.A. 65-4160 or K.S.A. 65-4162, K.S.A. 2008 Supp. 21-4705(f) provides as follows:

"(1) The sentence for a third or subsequent felony conviction of K.S.A. 65-4160 or 65-4162, and amendments thereto, shall be a presumptive term of imprisonment and the defendant shall be sentenced to prison as provided by this section. Such term of imprisonment shall be served in a facility designated by the secretary of corrections in the custody of the secretary of corrections to participate in an intensive substance abuse treatment program. The intensive substance abuse treatment program shall be determined by the secretary of corrections, but shall be for a period of at least four months. Upon the successful completion of such intensive treatment program, the offender shall be returned to the court and the court may modify the sentence by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits. If the offender's term of imprisonment expires, the offender shall be placed under the applicable period of postrelease supervision."

Nevertheless, when the defendant has previously completed, been discharged, or refused to participate in a certified drug abuse treatment program under K.S.A. 2008 Supp. 75-52,144 or an intensive substance abuse treatment program under K.S.A. 2008 Supp. 21-

4705(f)(1), the defendant's prison term is not subject to modification under K.S.A. 2008 Supp. 21-4705(f)(1). K.S.A. 2008 Supp. 21-4705(f)(2). The sentence imposed under K.S.A. 2008 Supp. 21-4705(f) "shall not be considered a departure and shall not be subject to appeal."

Casey suggests that because he was not exempted from mandatory drug abuse treatment under K.S.A. 2008 Supp. 21-4705(f), the trial court should have ordered him to participate in a certified drug abuse treatment program under K.S.A. 21-4729 and K.S.A. 21-4603d(n).

The trial court, however, apparently relied on K.S.A. 21-4603d(f)(3) in sentencing Casey to prison. K.S.A. 21-4603d(f)(3) provides that a sentencing court may impose a prison sentence, even when the crime of conviction otherwise presumes a nonprison sentence, when a defendant is on felony bond release:

"When a new felony is committed while the offender is on release for a felony pursuant to the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated, or similar provisions of the laws of another jurisdiction, a new sentence may be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608, and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure."

Because Casey was on felony bond release when he committed the crime in this case, the trial court sentenced Casey to prison under K.S.A. 21-4603d(f)(3).

In arguing that the trial court erred in sentencing him to prison under subsection (f)(3) of K.S.A. 21-4603d, Casey cites to subsection (n) of K.S.A. 21-4603d, which applies to those offenders who have met the requirements of K.S.A. 21-4729:

"Except as provided by subsection (f) of K.S.A. 21-4705, and amendments thereto, *in addition to any of the above, for felony violations of K.S.A. 65-4160 and 65-4162, and amendments thereto, the court shall require the defendant who meets the requirements established in K.S.A. 21-4729, and amendments thereto, to participate in a certified drug abuse treatment program,* as provided in K.S.A. 2007 Supp. 75-52,144, and amendments thereto, including but not limited to, an approved after-care plan. If the defendant fails to participate in or has a pattern of intentional conduct that demonstrates the offender's refusal to comply with or

participate in the treatment program, as demonstrates the offender's refusal to comply with or participate in the treatment program, as established by judicial finding, the defendant shall be subject to revocation of probation and the defendant shall serve the underlying prison sentence as established in K.S.A. 21-4705, and amendments thereto. For those offenders who are convicted on or after the effective date of this act, upon completion of the underlying prison sentence, the defendant shall not be subject to a period of postrelease supervision. The amount of time spent participating in such program shall not be credited as service on the underlying prison sentence." (Emphasis added.)

### C. Interpretations of K.S.A. 21-4603d(n)

The structure of the first sentence of K.S.A. 21-4603d(n) and the placement of the various commas within the sentence make it difficult to ascertain the legislature's intent. Notice that the two phrases, "[e]xcept as provided by subsection (f) of K.S.A. 21-4705, and amendments thereto" and "in addition to any of the above," are separate adverbial prepositional phrases that modify the verb "shall require" in the sentence. For example, because each one of the two previously mentioned prepositional phrases answers either when or under what conditions the trial court shall require a defendant to participate in a certified drug abuse treatment program, each phrase acts as an adverbial prepositional phrase. See Hacker, A Writer's Reference, p. 459 (5th ed. 2003). Moreover, the job of an adverbial prepositional phrase is to modify the verb in the sentence. See A Writer's Reference, p. 459.

Although the legislature did not specifically clarify what "above" means in the second adverbial prepositional phrase, the noun "above" is modified by the adjective prepositional phrase "for felony violations of K.S.A. 65-4160 and 65-4162, and amendments thereto." See Webster's II New College Dictionary 3 (2001) (The word "above" functions as a noun in a sentence when it refers to "[s]omething that is above."). This adjective prepositional phrase is used to describe and limit the noun "above." See A Writer's Reference, p. 451.

As a result, one construction could be that the "in addition to any of the above" language of K.S.A. 21-4603d(n) comes into play only when a previous subsection of K.S.A. 21-4603d specifically relates to K.S.A. 65-4160 and K.S.A. 65-4162. Moreover, when

such a situation occurs, the court shall require a defendant who meets the requirements of K.S.A. 21-4729 to participate in a certified drug abuse treatment program. Because K.S.A. 21-4603d(f)(3) makes no specific reference to K.S.A. 65-4160 and K.S.A. 65-4162, K.S.A. 21-4603d(f)(3) has no application when a defendant meets the requirements of K.S.A. 21-4729 to participate in a certified drug abuse treatment program.

A second construction of the first sentence of K.S.A. 21-4603d(n) could be that the three phrases "[e]xcept as provided by subsection (f) of K.S.A. 21-4705, and amendments thereto," "in addition to any of the above," and "for felony violations of K.S.A. 65-4160 and 65-4162, and amendments thereto," are all separate adverbial prepositional phrases, especially when the latter prepositional phrase is not used as an adjective prepositional phrase to describe or limit the noun "above." In this situation, each one of the three prepositional phrases answers either when or under what condition the trial court shall require a defendant to participate in a certified drug abuse treatment program. See A Writer's Reference, p. 459. Under this construction, the later use of the verb "shall require" in the sentence evidences the legislature's intent that "in addition to" what the trial court might be authorized to do in the previous subsections, the court is still required to impose mandatory drug abuse treatment under K.S.A. 2008 Supp. 75-52,144 for those offenders who meet the requirements of K.S.A. 21-4729. In other words, even though an offender would normally come within one of the subsections (a) through (n) of K.S.A. 21-4603d, the offender who meets the requirements of K.S.A. 21-4729 would be automatically sent to mandatory drug abuse treatment under K.S.A. 2008 Supp. 75-52,144.

We are anchored in this second interpretation by our Supreme Court's recent decision in *State v. Bee*, 288 Kan. 733, 207 P.3d 244 (2009). There, our Supreme Court refused to hold that the "in addition to any of the above" language in K.S.A. 2003 Supp. 21-4603d(n) required the trial court to consider the nonprison sanction outlined in K.S.A. 2003 Supp. 21-4603d(g), an earlier subsection, before imposing the underlying sentence under K.S.A. 2003 Supp. 21-4603d(n). Noting that the legislature could have used

language that specifically instructed the court to consider nonprison sanctions before revoking probation under K.S.A. 2003 Supp. 21-4603d(n), our Supreme Court stated:

"If the legislature had intended for the 'in addition to any of the above' language to mandate the consideration of nonprison sanctions prior to imposing the underlying sentence, it certainly could have used language that specifically instructed the court to do so. Absent such clear direction, the plain language of the statute does not require further consideration of nonprison sanctions prior to revoking probation and imposing the underlying sentence." 288 Kan. at 741. .

Our Supreme Court held that the statutory scheme actually precludes consideration of Labette Correctional Conservation Camp (the nonprison sanction in K.S.A. 2003 Supp. 21-4603d[g]) when an offender fits within the second part of K.S.A. 2003 Supp. 21-4603d(n), that is, that the offender is sentenced under K.S.A. 2003 Supp. 21-4729 and the sentencing court determines that the offender has a pattern of intentional conduct that demonstrates a refusal to comply with or participate in a drug abuse treatment program. 288 Kan. at 741-42.

We recognize that *Bee* differs from this case in that it dealt with the trial court's authority to revoke a defendant's probation and impose the underlying prison sentence under *the second part* of K.S.A. 21-4603d(n). Nevertheless, *Bee* still provides guidance to this court in interpreting the "in addition to any of the above" language in K.S.A. 21-4603d(n) when there is also mandatory language requiring a trial court to impose a particular sentence for an offender who meets the requirements of K.S.A. 21-4729. Here, as in *Bee*, the plain language of K.S.A. 21-4603d(n) does not require consideration of the prison sanction in K.S.A. 21-4603d(f)(3) before imposing the certified drug abuse treatment for those defendants who meet the requirements of K.S.A. 21-4729. Rather, the use of the mandatory language "shall" in K.S.A. 21-4603d(n) indicates that the legislature intended to mandate certified drug abuse treatment for an offender who meets the requirements of K.S.A. 21-4729. See *Bee*, 288 Kan. at 738-39. ("The statutory language 'shall' generally represents a mandatory course of conduct. [Citations omitted.] This court has previously interpreted the word 'shall' to be mandatory in the context of nonprison sanctions. [Ci-

tation omitted.]"). It is apparent that the language of K.S.A. 21-4603d(n) precludes consideration of the prison sanction in K.S.A. 21-4603d(f)(3).

This court has recently construed K.S.A. 21-4603d(n) in yet another manner. In *State v. Andelt*, 40 Kan. App. 2d 796, 798, 195 P.3d 1220 (2008), this court interpreted K.S.A. 21-4603d(n) as creating exceptions to K.S.A. 21-4729, which include K.S.A. 21-4603d(f). This court in *Andelt* stated:

> "A careful reading of the statute reveals exceptions to K.S.A. 21-4729's mandatory imposition of the drug abuse treatment program. According to the first sentence of K.S.A. 21-4603d(n), those exceptions are (1) K.S.A. 21-4705(f) and (2) all subsections previous to subsection (n) contained in K.S.A. 21-4603d. The latter exception is interpreted from subsection (n)'s use of the phrase 'in addition to any of the above,' which is found throughout K.S.A. 21-4603d to refer to the statute's other subsections. See K.S.A. 21-4603d(b)(1) ('[i]n addition to or in lieu of any of the above'); K.S.A. 21-4603d(c) ('in addition to or in lieu of any of the above'); K.S.A. 21-4603d(d) ('[i]n addition to any of the above'); and K.S.A. 21-4603d(i) ('[i]n addition to any of the above'). Thus, in reading the text of K.S.A. 21-4603d(n), it is reasonable to conclude the legislature intended for exceptions to K.S.A. 21-4729, which include K.S.A. 21-4603d(f)." 40 Kan. App. 2d at 798.

This court determined that K.S.A. 21-4603d(n) had provided exceptions to the compulsory imposition of a nonprison drug abuse treatment program described in K.S.A. 21-4729. This court noted that the use of the phrase "in addition to any of the above" in K.S.A. 21-4603d(n) shows the legislature's intent for K.S.A. 21-4603d(f) to be one of those exceptions.

This court in *Andelt* further determined that there was no conflict between K.S.A. 21-4729 and K.S.A. 21-4603d(f). This court stated that under K.S.A. 21-4603d(f)(1), when a new felony is committed while the offender is on parole, the sentencing court may impose a prison sentence "even when the new crime of conviction otherwise presumes a nonprison sentence." As a result, this court found no reversible error in the trial court's decision to sentence the appellant who met the requirements of K.S.A. 21-4729 to a prison sentence under K.S.A. 21-4603d(f). Because imposition of a prison sentence did not constitute a departure under K.S.A. 21-4603d(f), this court held that it lacked jurisdiction to further review the defendant's guidelines prison sentence. 40 Kan. App. 2d at 799.

The reasoning in *Andelt* was followed in the separate, unpublished case of *State v. Andelt*, No. 98,665, unpublished opinion filed September 19, 2008. Our Supreme Court has recently granted the petitions for review in both *Andelt* cases.

The interpretation given to K.S.A. 21-4603d(n) by the *Andelt* cases is not apparent from the structure and the language used in that statutory provision. The use of commas separating the phrase "in addition to any of the above" from the phrase "[e]xcept as provided" and the absence of "and" separating the two phrases indicates that the legislature did not intend to include the previous subsections of K.S.A. 21-4603d within the exceptions to the mandatory drug abuse treatment requirement. If the legislature had intended for the previous subsections of K.S.A. 21-4603d(n) to be exceptions to the mandatory drug abuse treatment requirement of K.S.A. 21-4729, it easily could have specified this intention. For example, the legislature could have stated: "Except as provided by subsection (f) of K.S.A. 21-4705, and amendments thereto, *and* except as provided by any of the above." In the absence of such clear and unambiguous language, we are unable to determine that the legislature's intention, as expressed through the statutory language, was to except K.S.A. 21-4603d(a) through (m) from the mandatory drug abuse treatment requirement of K.S.A. 21-4729.

### D. Rules of Statutory Construction when Statute is Ambiguous

This court's differing interpretations of K.S.A. 21-4603d(n) highlights an ambiguity in the sentencing of criminal defendants who meet the requirements of K.S.A. 21-4729 but also come within one of the other subsections of K.S.A. 21-4603d. When a statute's language or text is unclear or ambiguous, a court moves to the next analytical step and applies canons of construction or relies on legislative history to construe the statute to effect the legislature's intent. *In re K.M.H.*, 285 Kan. at 79.

### 1. General v. Specific Statutes

One such rule of statutory construction is that when general and specific statutes are in conflict with each other, the specific statute controls unless it appears the legislature intended otherwise. *Horn*,

288 Kan. 690, 206 P.3d 526, 527 (2009). "A specific statute controls over a general statute. [Citation omitted.] Likewise, a specific provision within a statute controls over a more general provision within the statute." *In re K.M.H.*, 285 Kan. at 82.

The conflict here exists between the prison sanction in K.S.A. 21-4603d(f)(3) and the drug abuse treatment sanction in K.S.A. 21-4603d(n) and K.S.A. 21-4729. Although the statutes apply to different aspects of a defendant's conviction, K.S.A. 21-4603d(f)(3) is the more general statutory provision because it applies to all defendants who are on felony bond when they commit the crime in question, regardless of whether they have been convicted of drug or nondrug crimes. K.S.A. 21-4603d(n) and K.S.A. 21-4729 are more specific than K.S.A. 21-4603d(f)(3) because they prescribe a specific punishment for only a particular segment of offenders who have been convicted of a violation of K.S.A. 65-4160 and 65-4162 and who have met certain statutory requirements.

### 2. Date of Enactment

Moreover, because there is a conflict between the drug abuse treatment sanction in K.S.A. 21-4603d(n) and K.S.A. 21-4729 and the prison sanction in K.S.A. 21-4603d(f)(3), we look to which statute was enacted later. "It is a settled rule of statutory construction that where an irreconcilable conflict exists between statutes, the latest enactment will be held to supersede, repeal or supplant the earlier by implication; the later enactment must prevail." *Richards v. Etzen*, 231 Kan. 704, Syl. ¶ 1, 647 P.2d 1331 (1982); see *State v. Ricks*, 173 Kan. 660, 662, 250 P.2d 773 (1952).

Here, K.S.A. 21-4603d(n) and K.S.A. 21-4729 were enacted in 2003 with Senate Bill 123. L. 2003, ch. 135, secs. 1 and 3. The provisions of K.S.A. 21-4603d(f) were first added in 1994. L. 1994, ch. 21, sec. 2. We point out that after K.S.A. 21-4603d(n) and K.S.A. 21-4729 were enacted, the legislature modified K.S.A. 21-4603d(f) to break the subsection into paragraphs and to add a paragraph pertaining to offenders incarcerated in a juvenile correctional facility. L. 2007, ch. 198, sec. 4. Nevertheless, the particular provision at issue in this case, K.S.A. 21-4603d(f)(3), which pertains to an offender who commits the crime while out on felony bond,

contains the exact same language as it did when K.S.A. 21-4729 was enacted in 2003. Therefore, the enactments of K.S.A. 21-4603d(n) and K.S.A. 21-4729 were later than the enactment of the language that is now contained in K.S.A. 21-4603d(f)(3). Under these circumstances, it is apparent that the legislature did not intend for K.S.A. 21-4603d(f)(3) to supercede the language in K.S.A. 21-4603d(n) and K.S.A. 21-4729.

### 3. Rule of Lenity

Further, because the legislature has failed to manifest a clear legislative intent by permitting the existence of conflicting statutory provisions, we must consider the rule of lenity. See *Horn*, 288 Kan. 693. "The general application of this rule is that ' "[c]riminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute." ' [Citations omitted.]" *Horn*, 288 Kan. at 693.

Under the rule of lenity, we must construe the conflicting statutory provisions in favor of Casey. K.S.A. 21-4603d(n) and K.S.A. 21-4729 provide for a nonprison sanction of mandatory drug abuse treatment. K.S.A. 21-4603d(f)(3) allows the trial court to impose a prison sentence. An application of the rule of lenity leads to the conclusion that the drug abuse treatment sanction in K.S.A. 21-4603d(n) and K.S.A. 21-4729 is the sanction to be applied in this case.

### 4. Liberal Construction

On the other hand, what if, for argument's sake, we call it a tie between the statutory interpretation offered in *Andelt* and the statutory interpretation offered here. The answer is that the legislature has given courts faced with uncertain statutory meaning a clear tiebreaker in the liberal construction clause of the sentencing article, which directs that the provisions of "[t]his article shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies." K.S.A. 21-4601. Our courts have relied before on this express

language of K.S.A. 21-4601 to liberally construe this article so as to effectuate its remedial purposes. See *State v. Richard*, 252 Kan. 872, 880-81, 850 P.2d 844 (1993); *State v. Chilcote*, 7 Kan. App. 2d 685, 689, 647 P.2d 1349 (1982); *Cochrane v. State*, 4 Kan. App. 2d 721, 723, 610 P.2d 649 (1980).

The liberal construction clause of K.S.A. 21-4601 directs us to recognize the legislature's intent that those defendants convicted of drug possession crimes under K.S.A. 65-4160 and K.S.A. 65-4162 should be ordered to complete a certified drug abuse treatment program instead of being sentenced to prison. Based on the liberal construction that we are required to give to the statutes involved in this case, we conclude that the drug abuse treatment sanction under K.S.A. 21-4603d(n) and K.S.A. 21-4729 was the punishment that should have been imposed here.

### 5. Legislative History

This conclusion is consistent with the legislative enactment of Senate Bill 123, part of which became K.S.A. 21-4729 and K.S.A. 21-4603d(n), that drug possession offenders should be in drug abuse treatment instead of taking up a prison bed. In a February 12, 2003, memorandum to the Senate Judiciary Committee, the Kansas Sentencing Commission (KSC) identified the goal of Senate Bill 123's alternative drug policy as follows: "to provide community punishment and the opportunity for treatment to nonviolent offenders with drug abuse problems in order to more effectively address the revolving door of drug addicts through the state prisons, which should be reserved for serious, violent offenders." The KSC indicated that the treatment continuum must include long-term residential and intensive outpatient substance abuse education and relapse prevention. The KSC also emphasized that the substance abuse treatment program needed to match the level of treatment to the offender's substance abuse needs. *State v. Preston*, 287 Kan. 181, 187, 195 P.3d 240 (2008).

In testifying in support of Senate Bill 123, Judge Ernest Johnson, chairman of the KSC, "summarized the bill saying the legislature could free up prison beds by requiring drug treatment for the drug possession offender rather than incarceration." Minutes, Senate

Judiciary Committee, February 12, 2003. Judge Johnson "stated that the treatment component was the linchpin of the proposal, and KSC members were unanimous that they could not support any modification to the bill that compromises the treatment requirement." Minutes, Senate Judiciary Committee, February 12, 2003.

Similar to Judge Johnson's testimony, other proponents of the bill testified about the benefits of sending drug possession offenders to drug treatment instead of prison. Specifically, conferee Tombs "explained the prison population projections, and what this bill would do to better utilize the state's correctional facilities for the serious and violent offenders who pose a significant threat to public safety." Minutes, Senate Judiciary Committee, February 12, 2003. Conferee Morrison explained that the percentage of inmates who are drug offenders had increased 7% in 10 years and that many of the offenders were in prison strictly for drug use and had no history of any other type of criminal offense. Morrison "stated that SB 123 would [affect] this narrow class of drug offenders, and they will be required to go through drug treatment, supervision by probation or community corrections as well as the use of intermediate sanctions to encourage compliance with the rules that we all have to live by." Minutes, Senate Judiciary Committee, February 12, 2003. Moreover, conferee Scroggins stated that the National Action Network endorsed the KSC recommendations for treating rather than incarcerating drug offenders. Minutes, Senate Judiciary Committee, February 12, 2003.

Consistent with this testimony before the Senate Judiciary Committee, the various provisions of Senate Bill 123 reflect the legislature's intent that the trial court should impose a nonprison sanction, usually mandatory drug abuse treatment, for most drug possession offenders instead of a prison sentence. See, *e.g.* Sec. 1 (establishing nonprison sanction of certified drug abuse treatment for certain drug offenders); Sec. 6(f) ("Offenders who have been sentenced under section 1 [nonprison sanction of certified drug abuse treatment] and who subsequently violate a condition of the drug and alcohol abuse treatment program shall be subject to an additional nonprison sanction for any such subsequent violation.");

Sec. 7 (eliminating crime severity level enhancements for drug possession offenses). Even for offenders not meeting the requirements of Sec. 1 of Senate Bill 123 (eventually K.S.A. 21-4729), the legislature added language to Senate Bill 123, Sec. 3(g) and (l) (eventually K.S.A. 21-4603d[g] and [l]) requiring the trial court to consider placement at a conservation camp or a community intermediate sanction center for certain drug offenders.

This legislative intent is carried out in the legislature's later enactment of K.S.A. 21-4705(f). Even for drug offenders who have been convicted three or more times for violations of K.S.A. 65-4160 or K.S.A. 65-4162 and have been sent to prison, the legislature has provided a mechanism for the offender to participate in an intensive substance abuse treatment program and to receive a less severe penalty after successful completion of the treatment program. See K.S.A. 2008 Supp. 21-4705(f)(1). It is clear that the legislature intended for drug possession offenders, even repeat offenders, to be given a chance at drug abuse treatment rehabilitation instead of becoming just another member of the prison population.

Based on the legislative history of Senate Bill 123, part of which became K.S.A. 21-4729 and K.S.A. 21-4603d(n), and the rules of statutory construction, we determine that the legislature intended for the drug abuse treatment sanction outlined in K.S.A. 21-4603d(n) and K.S.A. 21-4729 to trump the prison sanction outlined in K.S.A. 21-4603d(f)(3). Accordingly, we reverse Casey's sentence and remand for resentencing Casey to certified drug abuse treatment in accordance with K.S.A. 21-4603d(n) and K.S.A. 21-4729.

Sentence vacated and remanded for resentencing.