No. 98,665
No. 98,699

STATE OF KANSAS, *Appellee*, v. RANDY WAYNE ANDELT, *Appellant.*

(217 P.3d 976)

Case No. 98,699

Opinion filed October 9, 2009.

*Christina M. Waugh*, of Kansas Appellate Defender Office, argued the cause, and *Michelle Davis*, of the same office, was with her on the briefs for appellant.

*Brian S. Carroll*, county attorney, argued the cause, and *Steve Six*, attorney general, was with him on the brief for appellee.

Case No. 98,665

Opinion filed October 9, 2009.

*Christina M. Waugh*, of Kansas Appellate Defender Office, argued the cause was on the briefs for appellant.

*Elizabeth A.B. Hiltgen*, county attorney, argued the cause, and *Jason E. Brinegar*, former county attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

DAVIS, C.J.: The question we must resolve today is whether a defendant convicted of a felony drug offense qualifying for a certified drug abuse treatment program under K.S.A. 21-4729 may be sentenced to prison under K.S.A. 21-4603d(f)(1), which authorizes a departure prison sentence where the underlying offense was committed while the defendant is on felony parole. We hold that the provisions of K.S.A. 21-4729 requiring a defendant to be committed to a certified drug abuse treatment program are mandatory.

## FACTS

In January 2007, Randy Andelt pleaded no contest in Marshall County, Kansas, to possession of methamphetamine. In February 2007, Andelt pleaded no contest in Washington County, Kansas, to possession of methamphetamine in an unrelated case. Both offenses were violations of K.S.A. 65-4160 and were thus severity level 4 drug felonies. At the time that Andelt committed both of these offenses, he was on parole in Nebraska for a conviction of felony theft.

K.S.A. 21-4729, which was adopted as part of the comprehensive amendments to the Criminal Code contained in Senate Bill 123 in 2003, provides that when a person is convicted under K.S.A. 65-4160 (or K.S.A. 65-4162) and meets certain criteria in terms of criminal history score and crime severity level, the sentencing court "shall commit the offender to treatment in a drug abuse treatment program until determined suitable for discharge by the court but the term of treatment shall not exceed 18 months." K.S.A. 21-4729(c); L. 2003, ch. 135, sec. 1; see K.S.A. 2008 Supp. 75-52,144 (regarding certified drug abuse treatment programs, requirements, presentence drug abuse assessments, certified providers, and program costs).

In both cases, Andelt's criminal history score E, combined with the severity level of his offenses, qualified him for the nonprison sanction of commitment to a certified drug abuse treatment pro-

gram established by K.S.A. 21-4729. See K.S.A. 21-4729(a)(1) (listing offenders convicted of a violation of K.S.A. 65-4160 in the 4-E gridbox of the Kansas Sentencing Guidelines as persons qualified for the program).

Although both of the district courts conducting Andelt's sentencing hearings noted that K.S.A. 21-4729 would ordinarily apply to the respective offenses, each court imposed sentences of 20 months' imprisonment due to the fact that Andelt had committed the offenses while on felony parole. These sentences were based on the standard term in K.S.A. 21-4705(a) (drug grid), with a dispositional departure to imprisonment under K.S.A. 21-4603d(f)(1) (court may sentence offender to imprisonment even when the crime of conviction presumes a nonprison sentence when the current crime was committed while offender was on felony parole).

The two sentences were not identical in all respects. In addition to the 20-month prison term, the Marshall County District Court imposed a 12-month term of postrelease supervision for the offense committed in that jurisdiction. And because the Washington County District Court held Andelt's sentencing hearing after the Marshall County sentencing, the Washington County journal entry indicated that Andelt's sentence must be served consecutive to his sentence for the Marshall County offense. The Washington County journal entry of sentencing also indicated that Andelt must reimburse the Board of Indigents' Defense Services (BIDS) $525 for attorney fees and pay the $100 BIDS application fee.

Andelt filed appeals from both sentences.

In the appeal from his Marshall County sentence, Andelt claimed that the imposition of a prison sanction in lieu of commitment to a certified drug abuse treatment program and the imposition of a 12-month postrelease term violated K.S.A. 21-4729 and K.S.A. 21-4603d(n).

The Court of Appeals affirmed the defendant's sentence in a published opinion, concluding that the district court has discretion under K.S.A. 21-4603d(f)(1) to impose a prison sanction in a presumptive probation case when an underlying offense was committed on felony parole. The Court of Appeals concluded that there was no conflict between this provision and the certified drug abuse

treatment programs established by K.S.A. 21-4729. *State v. Andelt*, 40 Kan. App. 2d 796, 798-99, 195 P.3d 1220 (2008). The court also found Andelt's claims relating to postrelease supervision to be without merit. 40 Kan. App. 2d at 798-99. Because the court found Andelt's sentence to be within the presumptive sentencing range under the Kansas sentencing guidelines, it dismissed Andelt's appeal. 40 Kan. App. 2d at 799-800.

In the appeal from his Washington County sentence, Andelt claimed (as he had in the Marshall County case) that the imposition of a prison sanction in lieu of commitment to a certified drug abuse treatment program violated K.S.A. 21-4729 and K.S.A. 21-4603d(n). Andelt also claimed that the district court erred when it ordered reimbursement of BIDS attorney fees without first making findings regarding his ability to pay those fees and that he should not be required to pay the BIDS application fee when reimbursement of that fee was ordered by the journal entry of sentencing but not mentioned during the sentencing hearing.

The Court of Appeals affirmed Andelt's Washington County prison sentence for the same reasons addressed in the Marshall County appeal. *State v. Andelt*, No. 98,665, unpublished opinion filed September 19, 2008, slip op. at 5-6. The court also upheld the order that Andelt pay the BIDS application fee, finding this court's recent decision in *State v. Scaife*, 286 Kan. 614, 625-26, 186 P.3d 755 (2008), to be controlling. *Andelt*, slip op. at 2-4. The court reversed on the question of reimbursement of BIDS attorney fees under *State v. Robinson*, 281 Kan. 538, 132 P.3d 934 (2006), and K.S.A. 22-4513(b), and remanded the case to the district court for findings regarding Andelt's ability to pay those fees. *Andelt*, slip op. at 2.

We granted Andelt's petitions for review of both of these decisions. The cases were consolidated for our review on Andelt's motion.

### STATUTORY INTERPRETATION OF K.S.A. 21-4729 AND K.S.A. 21-4603d

Resolution of this case turns on our interpretation of three statutory provisions: K.S.A. 21-4729 (requiring a certified drug abuse

treatment program for qualified offenders), K.S.A. 21-4603d(n) (recognizing exceptions to the certified drug abuse treatment program and further explaining the contours of that program), and K.S.A. 21-4603d(f)(1) (granting district courts discretion to impose prison sentences in cases where the underlying offense was committed while on felony parole). Interpretation of sentencing statutes is a question of law over which an appellate court exercises unlimited review. *State v. Walker*, 280 Kan. 513, 515, 124 P.3d 39 (2005).

When courts are called upon to interpret statutes, the fundamental rule governing that interpretation is that "the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted." *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 378, 22 P.3d 124 (2001). For this reason, when the language of a statute is plain and unambiguous, courts "need not resort to statutory construction." *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025 (2007), *cert. denied* 172 L. Ed. 2d 239 (2008). Instead, "[w]hen the language is plain and unambiguous, an appellate court is bound to implement the expressed intent." *State v. Manbeck*, 277 Kan. 224, Syl. ¶ 3, 83 P.3d 190 (2004). Only where the face of a statute leaves its construction uncertain does the court "look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. [Citation omitted.]" *Robinett v. The Haskell Co.*, 270 Kan. 95, 100-01, 12 P.3d 411 (2000).

*Discussion and Analysis*

The Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*, establishes an 18- to 22-month sentence of presumptive probation for a conviction of a felony drug offense with a criminal history score of 4-E. See K.S.A. 21-4705(a) (drug grid). Sentences that fall within the sentencing grid are "presumptive" sentences under the KSGA and are not subject to appeal. See K.S.A. 21-4703(q); K.S.A. 21-4721(c)(1); see also *State v. Ortega-Cadelan*, 287 Kan. 157, 163-64, 194 P.3d 1195 (2008) (sentences for off-grid

crimes are not presumptive sentences within the meaning of K.S.A. 21-4703[q] because those sentences do not come from the sentencing grid). Moreover, K.S.A. 21-4603d(f)(1) allows district courts to impose prison sanctions in cases that would otherwise presume probation when the underlying offense was committed while the offender was on felony parole. K.S.A. 21-4603d(f)(1) further indicates that such a modification "does not constitute a departure."

If the district courts in Andelt's cases had the authority to impose 20-month prison sentences under the KSGA and the other sentencing statutes (that is, if the sentencing grid was applicable), Andelt's resultant sentences would not be subject to appellate review. The question, however, is whether the district courts were permitted to impose gridbox sentences, given the language of K.S.A. 21-4729.

K.S.A. 21-4729 establishes a nonprison sanction of commitment to a certified drug abuse treatment program for certain offenders sentenced on or after November 1, 2003. The nonprison sanction is limited to adult offenders convicted of a violation of K.S.A. 65-4160 and K.S.A. 65-4162 with the following additional requirements:

"(1) Whose offense is classified in grid blocks 4-E, 4-F, 4-G, 4-H or 4-I of the sentencing guidelines grid for drug crimes and such offender has no felony conviction of K.S.A. 65-4142, 65-4159, 65-4161, 65-4163 or 65-4164, and amendments thereto or any substantially similar offense from another jurisdiction; or

"(2) whose offense is classified in grid blocks 4-A, 4-B, 4-C or 4-D of the sentencing guidelines grid for drug crimes and such offender has no felony conviction of K.S.A. 65-4142, 65-4159, 65-4161, 65-4163 or 65-4164, and amendments thereto, or any substantially similar offense from another jurisdiction, if such person felonies committed by the offender were severity level 8, 9 or 10 or nongrid offenses of the sentencing guidelines grid for nondrug crimes and the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will not be jeopardized by such placement in a drug abuse treatment program." K.S.A. 21-4729(a)(1) and (2).

If an offender meets these requirements, "[t]he sentencing court *shall* commit the offender to treatment in a drug abuse treatment program until determined suitable for discharge by the court but

the term of treatment shall not exceed 18 months." (Emphasis added.) K.S.A. 21-4729(c).

K.S.A. 21-4705(f) creates an exception to the nonprison sanction in K.S.A. 21-4729. When a defendant is convicted of a third or subsequent felony under K.S.A. 65-4160 or K.S.A. 65-4162, K.S.A. 21-4705(f) provides that the sentence "shall be a presumptive term of imprisonment" under the KSGA. The sentence imposed under K.S.A. 21-4705(f) "shall not be considered a departure and shall not be subject to appeal."

Andelt argues that both district courts should have ordered him to participate in a certified drug abuse treatment program under K.S.A. 21-4729 and K.S.A. 21-4603d(n), rather than impose a prison sentence under K.S.A. 21-4603d(f), because such programs are mandatory in all cases that do not involve the application of K.S.A. 21-4705(f). Andelt claims that this interpretation of the statutes should prevail because "(1) [s]pecial statutes prevail over general statutes, (2) more recent statutes prevail, and (3) the rule of lenity" applies.

Rather than sentencing Andelt to a certified drug abuse treatment program under K.S.A. 21-4729, however, both district courts imposed prison sanctions under K.S.A. 21-4603d(f)(1). This provision states in relevant part:

"When a new felony is committed while the offender is . . . on parole, . . . the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure." K.S.A. 21-4603d(f)(1).

This section allows a district court to impose a prison sanction when a nonprison sentence is "otherwise presume[d]." K.S.A. 21-4603d(f)(1). K.S.A. 21-4729 does not establish a "presumptive" sentence within the meaning of the KSGA, however, because certified drug abuse treatment programs are not part of the sentencing grid. See K.S.A. 21-4703(q); *Ortega-Cadelan*, 287 Kan. at 163-64. Rather, K.S.A. 21-4729 removes qualifying offenders from the applicable gridbox and instead commits them to a certified drug abuse treatment program. Under the plain language of K.S.A. 21-

4603d(f)(1), that section only applies to presumptive sentences, not to other dispositions mandated by the legislature.

Despite the plain language of K.S.A. 21-4603d(f)(1), the State argues that language in subsection (n) of K.S.A. 21-4603d indicates that the felony-parole provision applies to cases that would otherwise be sentenced to a certified drug abuse treatment program under K.S.A. 21-4729. K.S.A. 21-4603d(n) states in relevant part:

"Except as provided by subsection (f) of K.S.A. 21-4705, and amendments thereto, in addition to any of the above, for felony violations of K.S.A. 65-4160 and 65-4162, and amendments thereto, the court shall require the defendant who meets the requirements established in K.S.A. 21-4729, and amendments thereto, to participate in a certified drug abuse treatment program, as provided in K.S.A. 2007 Supp. 75-52,144, and amendments thereto, including but not limited to, an approved after-care plan."

The State argues that the "in addition to any of the above" language in this subsection should be read in conjunction with the previous "[e]xcept as provided in [K.S.A. 21-4705(f)]" phrase to indicate that the legislature intended to allow courts discretion to sentence offenders who would otherwise be subject to a certified drug abuse treatment program to any of the dispositions previously discussed within K.S.A. 21-4603d. This interpretation was endorsed by the Court of Appeals in both cases presently subject to our review. In Andelt's cases, the Court of Appeals held that the first sentence of K.S.A. 21-4603d(n) laid out exceptions to the otherwise-mandatory drug abuse treatment program of K.S.A. 21-4729 in both K.S.A. 21-4705(f) (the repeat offender provision described previously) *and all of the other provisions of K.S.A. 21-4603d. Andelt*, 40 Kan. App. 2d at 798; see *Andelt*, slip op. at 5-6.

We reject the State's and Court of Appeals' interpretation in Andelt's cases because such an interpretation is contrary to the plain language of K.S.A. 21-4729 and K.S.A. 21-4603d.

K.S.A. 21-4729(c) *mandates* commitment to a certified drug abuse treatment program for all offenders who meet the requirements of that statute. K.S.A. 21-4603d(n) similarly states, with the exception of the repeat offender provision in K.S.A. 21-4705(f) and in addition to other sentencing dispositions described in the statute

(such as fines and restitution), a court "shall require the defendant who meets the requirements established in K.S.A. 21-4729, and amendments thereto, to participate in a certified drug abuse treatment program." Thus K.S.A. 21-4603d(n)—like K.S.A. 21-4729(c)—makes the drug abuse treatment program mandatory for qualifying offenders.

In contrast, K.S.A. 21-4603d(f)(1) gives district courts *discretion* to impose a prison sanction when probation is *presumed* if an offender commits a new crime while on felony bond. Not only does the language of this statute limit its application to cases involving presumptive sentences, which Andelt's cases do not, but its discretionary nature cannot control over a clear legislative mandate for commitment to a certified drug abuse treatment program.

The "in addition to any of the above" language in K.S.A. 21-4603d(n) does not alter this interpretation. In fact, to read the "in addition to any of the above" language as the State argues (meaning, to read it as an additional exception) is contrary to the plain language of that statute. It is not possible to impose both a prison sanction and a nonprison sanction as an offender's primary sentence for the underlying crime. Thus, under the State's interpretation of K.S.A. 21-4603d(n), a district court would not be imposing a prison sanction under subsection (f) *in addition to* a probationary drug abuse treatment program, but rather it would be imposing a prison sentence *instead of* drug abuse treatment. The phrases "in addition to" and "instead of" have very different meanings, and we decline to read them as synonymous.

Furthermore, we note that K.S.A. 21-4603d, read as a whole, sets forth the various types of sentences that a court may impose in a criminal case. These include, among other options, commitment to imprisonment or placement on probation; imposition of restitution, fines, or other costs; and assignment to house arrest or some drug treatment program. Throughout the statute, the phrase "in addition to any of the above" (or some similar construction) is used to refer to the discretionary options a district court may consider at sentencing, subject to other statutory limitations. Thus, the plain language of K.S.A. 21-4603d(n) indicates that in addition to these other options that may be imposed at sentencing, a district

court must sentence an offender to a certified drug abuse treatment program when that offender meets the qualifications of K.S.A. 21-4729. See *State v. Casey*, 42 Kan. App. 2d 309, 211 P.3d 847 (2009) (rejecting the Court of Appeals' interpretations of K.S.A. 21-4603d in both *Andelt* cases and endorsing the interpretation described here).

This interpretation is similarly supported by the plain language of K.S.A. 21-4729. That statute specifically sets forth which offenders are subject to drug abuse treatment programs and specifically excepts certain offenders who would otherwise qualify under the statute. For example, while offenders who commit drug crimes classified as 4-E, 4-F, 4-G, 4-H, and 4-I are subject to such a program as long as they have no prior drug convictions under various statutes, offenders who commit crimes under 4-A though 4-D only qualify for the program if the "person felonies committed by offender were severity level 8, 9, or 10 or nongrid offenses . . . and the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will not be jeopardized by such placement in a drug abuse treatment program." K.S.A. 21-4729(a)(2).

Likewise, K.S.A. 21-4729(h) specifically excepts certain offenders who otherwise "meet the requirements of subsection (a)" from the drug abuse treatment program, including:

"(A) Offenders who are residents of another state and are returning to such state pursuant to interstate corrections compact or the interstate compact for adult supervision; or

"(B) offenders who are not lawfully present in the United States and being detained for deportation." K.S.A. 21-4729(h)(1).

Offenders who fall into one of these two exceptions (neither of which apply in this case) "shall be sentenced as otherwise provided by law." K.S.A. 21-4729(h)(1). In such cases, the resultant sentences "shall not be considered a departure and shall not be subject to appeal." K.S.A. 21-4729(h)(2).

As both of these examples illustrate, the legislature clearly understood that it could put limitations on the scope of the drug abuse treatment program as a sentencing option or that it could exclude certain offenders from the application of the program altogether

and allow other sentencing provisions to control. See also K.S.A. 21-4705(f) (indicating that repeat drug offenders will be sentenced to imprisonment regardless of whether such offenders would otherwise qualify for the drug abuse treatment program). The fact that the legislature specifically exempted certain offenders from the certified drug abuse treatment program but did not do so for offenders who committed a crime while on felony parole indicates that the latter were still within the scope of the program.

Finally, we emphasize that our interpretation of these statutes does not render meaningless the fact that an offense was committed while on felony parole. Rather, when the previous felony conviction arises in this state, a court may still revoke the offender's parole for the previous felony. Although the previous felony in this case was committed in Nebraska, that state is free to evaluate Andelt's sentence for his previous felony theft conviction under its own sentencing laws.

We conclude that the plain language of K.S.A. 21-4729 and K.S.A. 21-4603d makes certified drug abuse treatment programs mandatory for individuals who qualify for such programs under K.S.A. 21-4729. A district court does not have discretion to sentence an offender otherwise qualifying for a drug abuse treatment program to imprisonment. We reach this conclusion on the basis of the statutory language, so we need not consider the principles of statutory construction advocated by Andelt in his petitions for review.

For all of these reasons, the Marshall and Washington County District Courts erred when the courts sentenced Andelt to 20 months' imprisonment instead of appropriate terms of drug abuse treatment under K.S.A. 21-4729. We reverse the judgments of the Court of Appeals and district courts with regard to Andelt's sentences, vacate those sentences, and remand to the district courts with directions to resentence Andelt to appropriate terms in a certified drug abuse treatment program under K.S.A. 21-4729.

*Postrelease Supervision*

Andelt also argues that the Marshall County District Court erred when it imposed a requirement of 12 months' postrelease super-

vision to be completed after Andelt was released from his 20-month prison sentence. We have concluded that the Marshall County District Court should have committed Andelt to a certified drug abuse treatment program under K.S.A. 21-4729, not a period of imprisonment, and have vacated the underlying sentence. The question of postrelease supervision only arises when an offender has been sentenced to prison. See K.S.A. 22-3717(d). Because the Marshall County District Court did not have the authority to sentence Andelt to prison, it also lacked the authority to impose a period of postrelease supervision. That portion of Andelt's sentence is therefore also vacated.

## BIDS APPLICATION FEE

Andelt claims that the Washington County District Court erred by requiring him in the journal entry of sentencing to reimburse the $100 BIDS application fee when the court did not include the application fee in its pronouncement from the bench at the sentencing hearing. The Court of Appeals found this claim to be without merit in light of this court's recent decision in *State v. Scaife*, 286 Kan. 614, 625-26, 186 P.3d 755 (2008).

In *Scaife*, this court held that because a defendant incurs the obligation to pay the BIDS application fee when the application is completed, an order in a journal entry of sentencing to pay an unpaid application fee—even if not pronounced from the bench—is not improper when the district court references an assessment of costs at the sentencing hearing. 286 Kan. at 625-26. This reasoning is sound. Because Andelt's arguments on appeal do not bring any new dimension to this discussion, *Scaife* controls. The Court of Appeals correctly concluded that his claim is without merit. See *State v. Andelt*, No. 98,665, unpublished opinion filed September 19, 2008, slip op. at 2-4.

The judgment of the Court of Appeals affirming the Marshall County District Court in Case No. 98,699 is reversed, and the judgment of the district court is reversed. We vacate Andelt's prison sentence and accompanying postrelease supervision period and remand the case to the Marshall County District Court with directions for resentencing under K.S.A. 21-4729.

The judgment of the Court of Appeals affirming the Washington County District Court in Case No. 98,665 is affirmed with respect to its assessment of Andelt's BIDS application fee and reversed with regard to Andelt's sentence. We note that the Court of Appeals' conclusion that the case should be remanded for further findings under *State v. Robinson*, 281 Kan. 538, 132 P.3d 934 (2006), and K.S.A. 22-4513(b), regarding Andelt's ability to reimburse BIDS attorney fees is not before us. Therefore, that judgment remains in effect. The judgment of the district court is affirmed in part and reversed in part. We vacate Andelt's prison sentence and remand the case to the Washington County District Court with directions for resentencing under K.S.A. 21-4729.