NOT DESIGNATED FOR PUBLICATION

No. 114,899

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL HENRY WORLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed October 14, 2016. Sentence vacated, and case remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., SCHROEDER, J., and WALKER, S.J.

*Per Curiam*: Michael Henry Worley appeals from the district court's order sentencing him to serve 20 months for possession of methamphetamine. Because we find the district court failed to afford Worley his right to have a drug abuse assessment and a criminal risk-need assessment performed before sentencing, we vacate the sentence and remand the case for compliance with those statutory requirements.

FACTS

In October 2014, a police officer went to Worley's residence and asked to enter. Worley consented to the officer's entry. Upon entering, the officer saw methamphetamine and drug paraphernalia in plain view and arrested Worley.

On December 2, 2014, Worley pled no contest to the drug possession charge and the paraphernalia charge was dismissed pursuant to a plea agreement. Worley also pled no contest to a felony theft charge from a different case for which he was on bond at the time he committed the drug possession offense. Worley's counsel voiced his belief that Worley may be eligible for drug treatment under S.B. 123. The district court ordered a presentence investigation (PSI) report and scheduled the sentencing for January 13, 2015. The court set Worley's bond at $5,000 with the condition that Worley report to court services to complete the PSI report.

Worley did not report to court services, and he failed to appear at appointments to undergo an LSI-R (a criminal risk-need assessment) and an S.B. 123 drug abuse assessment. The district court issued a bench warrant due to Worley's noncompliance with his bond conditions as well as for probation violation in the prior case. Worley also failed to appear at his sentencing hearing. After Worley was arrested on the warrants in April 2015, he was brought before the court at a hearing to reset sentencing. The court noted that it did not have a PSI report "because Mr. Worley absconded on us." The court noted that Worley may be S.B. 123 eligible and ordered another PSI report. There is no evidence in the record that the court rescheduled the S.B. 123 assessments that Worley missed in December 2014.

The PSI report was submitted in May 2015. It placed Worley in box 5-E of the sentencing guidelines grid for drug crimes, which was a presumptive probation sentence. The PSI report did not contain S.B. 123 assessments. Shortly thereafter, Worley's

attorney filed a motion to impose a sentence pursuant to K.S.A. 2015 Supp. 21-6824(a)(1) (S.B. 123). Worley's attorney argued that S.B. 123 treatment was appropriate for the following reasons: (1) Worley's conviction for methamphetamine possession constituted a qualifying crime under the statute; (2) Worley had never committed a disqualifying offense; (3) Worley's offense was classified in grid box 5-E; and (4) Worley was a Kansas resident. The motion did not address Worley's lack of S.B. 123 assessments.

The district court judge issued a notice of intent to impose an upward dispositional departure, giving the following substantial and compelling reasons: Worley's long criminal history (30 convictions over 4 decades), Worley's failure to appear at court services or at his initial sentencing hearing, and Worley's failure to comply with the conditions of his bonds. Worley's attorney responded to the judge's notice by arguing that the judge did not have the authority to impose a sentence other than the S.B. 123 sentence because the S.B. 123 sentence was mandatory for qualified offenders. The attorney cited Kansas Supreme Court case *State v. Andelt*, 289 Kan. 763, 217 P.3d 976 (2009), which held that when an offender qualifies for S.B. 123 treatment, a court cannot impose any other sentence.

On July 21, 2015, Worley was sentenced to 20 months' imprisonment for possession of methamphetamine in violation of K.S.A. 2015 Supp. 21-5706(a). Worley's attorney again argued that the district court did not have the discretion to impose a sentence other than the S.B. 123 sentence. The district court judge said that he did not believe that *Andelt* applied in cases where the judge has determined that the offender poses a risk to the public. The judge explained:

> "Fundamentally, it just boils down to the fact that Mr. Worley is 54 years old. We live in a society of limited resources. I understand the point of the legislature in mandating treatment, but I also believe that our resources should only go to those

individuals that are going to try on probation; that are going to try to kick their addiction habit; and that are going to work with their probation officer in ensuring that they're not a risk to the public. Nothing about Mr. Worley's behavior, current or past, would indicate to the Court that he's going to do any of that. So that's why the Court departed."

Worley timely appealed the district court's decision.

ANALYSIS

In his first issue on appeal, Worley argues that K.S.A. 2015 Supp. 21-6824(b) requires him to undergo drug abuse and criminal risk assessments during a PSI. He also argues that if a drug abuse assessment shows an offender is high risk and the criminal risk assessment shows that the offender is moderate to high risk, then a court must commit the offender to a drug abuse treatment program. See K.S.A. 2015 Supp. 21-6824(c). The State argues that the court did schedule these assessments, but Worley did not appear. Because Worley did not participate in his scheduled assessments, the State argues that the case should not be remanded to give him a second chance at completing the assessments.

Resolving this issue requires interpretation of a statute. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

The statute at issue is K.S.A. 2015 Supp. 21-6824, commonly referred to as S.B. 123. This statute mandates drug treatment of qualifying offenders, meaning that a district court cannot impose any other sentence on a qualifying offender. *Andelt*, 289 Kan. at 771-72. Thus, the sentencing judge's statement that he can deviate from the S.B. 123 sentence when he believes that the offender poses a risk to the public is incorrect.

To qualify for drug treatment, an offender must be convicted of a felony violation of K.S.A. 2015 Supp. 21-5706 (unlawful possession of controlled substances). K.S.A.

4

2015 Supp. 21-6824(a). The offense must be "classified in grid blocks 5-C, 5-D, 5-E, 5-F, 5-G, 5-H or 5-I of the sentencing guidelines grid for drug crimes." K.S.A. 2015 Supp. 21-6824(a)(1). The offender cannot have a prior felony drug conviction described by K.S.A. 2015 Supp. 21-6824(a)(1). The parties agree that Worley fulfilled the K.S.A. 2015 Supp. 21-6824(a) requirements because he was convicted of unlawful possession of a controlled substance, his offense was classified in grid block 5-E of the sentencing guidelines grid for drug crimes, and he had no prior drug felonies.

Offenders who meet the requirements of K.S.A. 2015 Supp. 21-6824(a) are subject to both a drug abuse assessment and a criminal risk-need assessment as part of their presentence investigation. K.S.A. 2015 Supp. 21-6824(b). If the offender is assigned a high risk status by the drug abuse assessment and either a moderate or high risk status by the criminal risk-need assessment, then "the sentencing court *shall* commit the offender to treatment in a drug abuse treatment program." (Emphasis added.) K.S.A. 2015 Supp. 21-6824(c). Here, Worley had an appointment in December 2014 for an LSI-R, and he was also directed to report to Road to Recovery for an S.B. 123 drug assessment before his January 2015 sentencing hearing. But, Worley failed to appear at the assessments and sentencing. When Worley did appear following his arrest on the bench warrants in April, the district court recognized that Worley may be S.B. 123 eligible, but that due to Worley's failure to comply, the court did not have a PSI report. The court ordered a new PSI report but did not require the accompanying drug abuse and risk-need assessments. Worley contends the district court was required to order these assessments prior to sentencing, but the State contends that Worley has effectively waived his rights by failing to report to court services as ordered.

To resolve this dispute, we look to the language of the statute. The statute does not address the situation in which a court has to reorder a PSI report. Nonetheless, the way that the statute is structured supports Worley's argument. It is only when the offender meets the requirements of K.S.A. 2015 Supp. 21-6824(a) (offender commits qualifying

5

offense, offense falls within specified grids in sentencing guidelines, and offender has not committed disqualifying offense) that the PSI report must include the assessments. Worley's PSI report was not completed until May 2015. When the report revealed that Worley fulfilled the requirements of K.S.A. 2015 Supp. 21-6824(a), then Worley's right to the K.S.A. 2015 Supp. 21-6824(b) assessments was triggered. Worley's failure to appear at court services in December 2014 does not absolve the district court of its duty to order the assessments when it finds that Worley fulfills the K.S.A. 2015 Supp. 21-6824(a) requirements. The court became aware that Worley qualified under K.S.A. 2015 Supp. 21-6824(a) in May 2015, so at that time Worley became entitled to the assessments.

In his second complaint, Worley contends that when an offender qualifies for S.B. 123 drug treatment, the district court lacks discretion to impose a sentence other than for treatment.

K.S.A. 2015 Supp. 21-6604(f)(4) provides:

"When a new felony is committed while the offender is on release for a felony pursuant to the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated . . . the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence."

Worley committed his felony methamphetamine offense while on release for a felony theft offense. Thus, there appears to be authority under this statute for the district court to ignore the presumptive probation sentence under the drug statute and imprison Worley. However, in *Andelt*, the Kansas Supreme Court held that the S.B. 123 treatment is mandatory for qualified offenders. See *State v. Madden*, No. 105,897, 2012 WL 2476988, at *5 (Kan. App. 2012) (unpublished opinion) (reiterating that "drug treatment trumps the special rule"). This is because "[K.S.A. 2015 Supp. 21-6824(c)] *mandates*

6

commitment to a certified drug abuse treatment program" while K.S.A. 2015 Supp. 21-6604(f)(4) "gives district courts *discretion* to impose a prison sanction when probation is *presumed* if an offender commits a new crime while on felony bond." *Andelt*, 289 Kan. at 771-72. Furthermore, the drug treatment program is not a presumptive nonprison sentence "because certified drug abuse treatment programs are not part of the sentencing grid." 289 Kan. at 770.

The State argues that *Andelt* is distinguishable because the statute codifying S.B. 123 has been amended since the *Andelt* decision. However, the operative language of the statute that makes it mandatory for qualified offenders—"[t]he sentencing court shall commit the offender to treatment"—did not change. K.S.A. 2009 Supp. 21-4729(c); K.S.A. 2015 Supp. 21-6824(c). The language mandating a drug abuse assessment and a criminal risk-need assessment as part of the PSI—"offenders who meet the requirements of subsection (a) shall be subject to [the assessments]"—also has not changed. K.S.A. 2009 Supp. 21-4729(b); K.S.A. 2015 Supp. 21-6824(b). The only major change is that offenders must be assigned certain risk levels during their assessments in order to be considered qualifying offenders. K.S.A. 2009 Supp. 21-4729(c); K.S.A. 2015 Supp. 21-6824(c). While the State is correct that offenders must now be "assessed at a certain level, before qualifying for drug abuse treatment," the issue here is whether the case should be remanded to order the assessments, not whether this court should impose the mandatory drug abuse treatment.

We can understand the district court's frustration in dealing with a defendant like Worley who does not cooperate with bond conditions and report as directed. In some situations it may be necessary to have the statutory assessments conducted while the defendant is confined in the event of such noncooperation. But we hold that it is clear error to proceed to a sentencing hearing in the absence of such assessments when the defendant is found to be qualified to have them conducted under S.B. 123.

7

The sentence is vacated, and the case is remanded with directions to have Worley complete the drug abuse and criminal risk-need assessments.