NOT DESIGNATED FOR PUBLICATION

No. 118,304

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICAH DYLAN FABRYCKY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed August 10, 2018. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Micah Dylan Fabrycky appeals his sentence following his conviction of one count of possession of methamphetamine. We granted Fabrycky's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed no response.

On February 15, 2017, Fabrycky pled no contest to one count of possession of methamphetamine. Fabrycky received the requisite scores on the qualifying tests to be ordered into drug treatment: he was high risk on his LSI-R and high probability on the SASSI III. As a result, the district court sentenced him to 18 months' drug treatment to be supervised by community corrections, with a standard presumptive sentence of 11 months' imprisonment. Fabrycky timely appealed.

1

On appeal, Fabrycky claims the district court abused its discretion in sentencing him. He asserts that a reasonable person would have given him a lesser sentence because he had no criminal history and he accepted sole responsibility for his actions.

As Fabrycky acknowledges, K.S.A. 2017 Supp. 21-6824(c) provides: "If the [qualifying] offender is assigned a high risk status as determined by the drug abuse assessment . . . and a moderate or high risk status as determined by the criminal risk-need assessment . . . , the sentencing court shall commit the offender to treatment in a drug abuse treatment program [for up to] 18 months." See *State v. Andelt*, 289 Kan. 763, 771-74, 217 P.3d 976 (2009) (examining prior version of statute and concluding that drug treatment is mandatory for qualifying offenders); *State v. Swazey*, 51 Kan. App. 2d 999, Syl. ¶ 3, 357 P.3d 893 (2015) (noting that if an offender qualifies for SB 123 treatment, "then sentencing court is required to commit the offender to treatment in a drug abuse treatment program [for] no . . . longer than 18 months").

Here, the district court imposed the standard presumptive sentence under the sentencing guidelines for Fabrycky's crime, and the district court ordered drug treatment as required under K.S.A. 2017 Supp. 21-6824(c). We lack appellate jurisdiction to review Fabrycky's sentence that is within the presumptive sentence for the crime. See K.S.A. 2017 Supp. 21-6820(c)(1). Even if we had jurisdiction to review Fabrycky's sentence, we would find no abuse of discretion in the district court's judgment. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015) (holding that judicial action constitutes an abuse of discretion if no reasonable person would take the view adopted by the district court; the action is based on an error of law; or the action is based on an error of fact).

Appeal dismissed.