NOT DESIGNATED FOR PUBLICATION

No. 124,477

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLAYTON MCDANIEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Opinion filed July 1, 2022. Affirmed in part and dismissed in part.

*Andrew E. Werring*, of Farris, Fresh, and Werring Law Office, LLC, of Atchison, for appellant.

*Christopher Lyon*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ISHERWOOD, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Clayton McDaniel pleaded no contest to possessing fentanyl and received a presumptive prison sentence. On appeal, he argues that the district court should have found him eligible to serve his sentence in a drug-abuse treatment program instead of prison. But contrary to McDaniel's arguments on appeal, his criminal history disqualifies him from mandatory drug treatment, and the district court specifically declined to make other findings that would permit him to enter treatment instead of a traditional prison sentence.

1

After carefully considering the record and the parties' arguments, we affirm the district court's decision. And because McDaniel received a presumptive prison sentence, we lack jurisdiction to review McDaniel's other claims. We thus dismiss his appeal.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged McDaniel with unlawful possession of fentanyl, a severity level 5 drug felony, committed in July 2019. He later pleaded no contest to the charge. Before sentencing, the State prepared a presentence investigation report that calculated McDaniel's criminal-history score as B. Among McDaniel's previous convictions were three misdemeanor domestic-battery convictions and one aggravated domestic-battery conviction, a severity level 7 person felony. K.S.A. 2021 Supp. 21-5414(c)(2). The district court converted the three misdemeanor domestic-battery convictions to one person felony for criminal-history purposes. See K.S.A. 2021 Supp. 21-6811(a).

McDaniel objected to his criminal-history score, arguing that it should be lower and that he was eligible for mandatory drug treatment. He also moved for downward dispositional and durational departures from the presumptive 34-month prison sentence he faced under the Kansas Sentencing Guidelines.

At sentencing, the district court heard arguments and evidence on the motions. Testimony showed that McDaniel had taken several steps to address both his drug use and abusive behavior and that he was employed. McDaniel also emphasized that his current conviction arose from possessing a small quantity of drugs.

After hearing the testimony and the parties' arguments, the district court declined to order drug treatment or depart from the presumptive sentence. Despite McDaniel's progress, the court indicated it was concerned with McDaniel's multiple domestic-violence convictions and his alleged violation of the conditions of his probation in

2

another case—particularly because this noncompliance supposedly included failing to get a domestic-violence assessment, violating no-contact orders, and using drugs. The court was thus unwilling to find that McDaniel did not pose a threat to public safety. As a result, the court denied McDaniel's criminal-history objection and departure motion before sentencing him to the presumptive sentence—34 months in prison. McDaniel appeals this sentence.

## DISCUSSION

McDaniel challenges the district court's decisions denying his criminal-history objection and his request for a departure sentence. In particular, McDaniel argues he was eligible for mandatory drug treatment under K.S.A. 2019 Supp. 21-6824 because the statute uses the plural "felonies" when outlining eligibility restrictions—he asserts that he only had one previous felony conviction, though his misdemeanors had been aggregated for criminal-history purposes. He argues that because the district court imposed a sentence without ordering the assessments necessary to determine whether he qualified for mandatory drug treatment, his sentence was illegal and requires reversal.

As a starting point, we note that appellate courts lack jurisdiction to consider appeals of presumptive sentences under the Kansas Sentencing Guidelines. K.S.A. 2021 Supp. 21-6820(c)(1). But Kansas law recognizes an exception to this limitation when a defendant claims that his or her sentence is illegal—such as if it "does not conform to the applicable statutory provision, either in character or punishment." K.S.A. 2021 Supp. 22-3504(c)(1). A court can correct an illegal sentence at any time. K.S.A. 2021 Supp. 22-3504(a).

McDaniel claims that his prison sentence, which falls within the presumptive grid box under the Kansas Sentencing Guidelines, is illegal because the court failed to follow the mandatory procedures for drug treatment under K.S.A. 2019 Supp. 21-6824. See

3

*State v. Swazey*, 51 Kan. App. 2d 999, 1000-01, 357 P.3d 893 (2015) (A sentence that fails to comply with drug-treatment statute requirements is illegal and may be challenged at any time.). This argument hinges on interpreting the language of K.S.A. 2019 Supp. 21-6824, a question we review de novo. See *State v. Coleman*, 312 Kan. 114, 117, 472 P.3d 85 (2020).

Kansas law permits offenders who meet specific statutory criteria to serve their sentences in a drug-abuse treatment program instead of prison. K.S.A. 2019 Supp. 21-6824 (often called Senate Bill 123 treatment). To qualify, a person first must have been convicted of a felony under K.S.A. 2019 Supp. 21-5705 or K.S.A. 2019 Supp. 21-5706— for possessing, cultivating, or distributing drugs. K.S.A. 2019 Supp. 21-6824(a). Second, the person cannot have any previous convictions related to manufacturing, distributing, or cultivating drugs. K.S.A. 2019 Supp. 21-6824(a).

From here, the requirements diverge depending on what sentencing-grid classification—the combination of crime severity level and criminal-history score— applies. People with lower classifications automatically undergo drug-abuse and criminal risk-need assessments. K.S.A. 2019 Supp. 21-6824(a)(1), (b). If those assessments show that a person meets Kansas Sentencing Commission criteria for drug treatment, then "the sentencing court shall commit the offender to treatment in a drug abuse treatment program." K.S.A. 2019 Supp. 21-6824(c).

Offenders with higher sentencing-grid classifications—5-A, 5-B, and 4-E through 4-I—follow the same general process, but there are extra requirements before they can undergo the assessments. These offenders can still qualify if:

- "[T]he person felonies in the offender's criminal history were severity level 8, 9 or 10 or nongrid offenses of the sentencing guidelines grid for nondrug crimes," and

- "[T]he court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will not be jeopardized by such placement in a drug abuse treatment program." K.S.A. 2019 Supp. 21-6824(a)(2).

Only after meeting these two requirements can offenders with higher classifications obtain the drug-abuse and criminal risk-need assessments. K.S.A. 2019 Supp. 21-6824(b). Like the offenders who automatically qualify, if the results of these assessments meet certain criteria, then the court "shall commit the offender to treatment in a drug abuse treatment program." K.S.A. 2019 Supp. 21-6824(c).

Regardless of how an offender qualifies for the additional assessments—whether directly through his or her classification under subsection (a)(1) or by clearing the extra requirements under (a)(2)—the result is the same: If the results from the assessments qualify him or her for the program, drug treatment is mandatory. See K.S.A. 2019 Supp. 21-6604(n)(1); *State v. Andelt*, 289 Kan. 763, 774, 217 P.3d 976 (2009) (analyzing a previous version of the drug-treatment statute and finding that courts cannot sentence people who qualify for drug treatment to prison); *Swazey*, 51 Kan. App. 2d 999, Syl. ¶ 3 (once a person receives the requisite findings under both assessments, "then the sentencing court is required to commit the offender to treatment in a drug abuse treatment program").

But even though drug treatment is mandatory for those who qualify, a district court has inherent discretion to determine whether someone qualifies under subsection (a)(2)—that is, for offenders with higher grid-box classifications. For offenders in those circumstances, courts must determine whether placement in drug treatment would jeopardize public safety. See K.S.A. 2019 Supp. 21-6824(a)(2). And "[p]lacement of offenders under subsection (a)(2) shall be subject to the departure sentencing statutes of

the revised Kansas sentencing guidelines act," which further suggests that (a)(2) involves more discretion. K.S.A. 2019 Supp. 21-6824(e); see *Swazey*, 51 Kan. App. 2d at 1003-04.

McDaniel never got to the assessment stage of the drug-treatment qualification process. He had a 5-B classification, which brought him under subsection (a)(2) instead of automatically qualifying for the assessments under subsection (a)(1). And he met the initial requirements under subsection (a)(2): He was convicted under K.S.A. 2019 Supp. 21-5706 and had no previous convictions related to drug manufacturing, distribution, or cultivation. McDaniel's ability to qualify for the assessments—and in turn for mandatory drug treatment—thus hinged on the two other requirements under subsection (a)(2). He qualified for neither, however.

McDaniel focuses his argument on the first requirement—that "the person felonies in the offender's criminal history were severity level 8, 9 or 10 or nongrid offenses." K.S.A. 2019 Supp. 21-6824(a)(2). He asserts that because the statute uses the plural "felonies," a person must have previously committed more than one person felony to subject him to this requirement. Because McDaniel only had one previous person-felony conviction, he argues he satisfied (a)(2)'s first requirement, regardless of the conviction's severity level. We disagree.

The most fundamental rule of statutory interpretation is "the intent of the legislature governs if that intent can be ascertained." *Cady v. Schroll*, 298 Kan. 731, 738, 317 P.3d 90 (2014). Courts determine intent by looking to the plain and unambiguous text of a statute, using the words' ordinary meanings, and without speculating or reading something into a statute that is not there. 298 Kan. at 738-39. If the text is ambiguous, courts turn to other methods of interpretation, such as canons of construction or legislative history. 298 Kan. at 739.

Contrary to McDaniel's assertions, the plain language of K.S.A. 2019 Supp. 21-6824(a)(2) does not require someone to have more than one person felony to be ineligible for drug treatment. Rather, it suggests that any person felonies in someone's criminal history—whether there are one, two, or several—must be severity level 8, 9, or 10 (or nongrid offenses). Though it is not binding on our review, we note that the Kansas Sentencing Commission—which sets the assessments-level criteria for treatment eligibility—concurs with this plain-language reading of the statute. See Kansas Sentencing Guidelines Desk Reference Manual 82 (2021) (A person can only qualify under [a][2] if "the offender's prior person felony *conviction(s)* were severity level 8, 9, or 10 or nongrid offenses." [Emphasis added.]).

Under this interpretation, a person who has committed only one previous felony and whose offense falls into one of the listed categories can still qualify for the program as long as he or she meets the other criteria listed in the statute. And a person who only has one person felony in his or her criminal history is ineligible if that felony is more severe than a severity level 8 offense. Any other reading would lead to absurd and unreasonable results, rewarding someone who commits a serious but isolated offense. Accord *State v. Smith*, 311 Kan. 109, 114, 456 P.3d 1004 (2020) (courts construe statutes to avoid absurd or unreasonable results).

McDaniel was convicted of aggravated domestic battery—a severity level 7 person felony—and thus fails this first requirement. See K.S.A. 2021 Supp. 21-5414(c)(2) ("Aggravated domestic battery is a severity level 7, person felony."); see also *State v. Griffin*, No. 97,604, 2008 WL 2251176, at *3-4 (Kan. App.) (unpublished opinion) (finding that a single severity level 7 person felony disqualified the defendant from mandatory drug treatment), *rev. denied* 286 Kan. 1182 (2008). This conviction alone disqualifies him from mandatory drug treatment.

Our analysis could end at this point. We note for purposes of completeness, however, that even if we were to find McDaniel's interpretation of K.S.A. 2019 Supp. 21-6824(a)(2) persuasive, his claim of error would fail for another reason: Eligibility for the drug-treatment program under this section also requires a district court to find that placement in a treatment program would not jeopardize public safety. See K.S.A. 2019 Supp. 21-6824(a)(2). The district court here considered McDaniel's request but specifically declined to make that finding, emphasizing McDaniel's repeated domestic-violence incidents. McDaniel does not challenge this ruling on appeal. But in the absence of such a finding, the district court was not required to order any assessments to determine the appropriateness of drug treatment in lieu of a traditional sentence.

Either of these reasons, standing alone, disqualifies McDaniel from Senate Bill 123's mandatory drug-treatment program. The district court did not err when it found McDaniel did not qualify for this program.

McDaniel's brief mentions other cursory arguments in passing, claiming the district court erred in denying his motion for a sentencing departure. But because McDaniel was not eligible for Senate Bill 123 drug treatment, the sentence the district court imposed was the presumptive sentence under the Kansas Sentencing Guidelines. As we have noted, we do not have jurisdiction to consider challenges to presumptive sentences. See K.S.A. 2021 Supp. 21-6820(c)(1); *State v. Reed*, No. 101,963, 2010 WL 920801, at *3 (Kan. App.) (unpublished opinion) (after determining defendant did not qualify for drug treatment, declining to review presumptive sentence and dismissing for lack of jurisdiction), *rev. denied* 290 Kan. 1102 (2010). Thus, to the extent McDaniel's appeal raises additional challenges to his sentence, we dismiss them for lack of jurisdiction.

Affirmed in part and dismissed in part.