NOT DESIGNATED FOR PUBLICATION

No. 123,937

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VESTON LEWARD BROWN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Labette District Court; FRED W. JOHNSON JR., judge. Opinion filed July 1, 2022. Sentence vacated and case remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Mandy Johnson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ISHERWOOD, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Veston Brown pleaded no contest to possession of methamphetamine. Though Brown appeared to qualify for a mandatory drug-treatment program (commonly known as Senate Bill 123 treatment), he did not undergo a required criminal risk-need assessment to confirm his eligibility, and the record is unclear as to whether he completed a drug-abuse assessment. But instead of taking additional steps to ensure that these assessments were completed, the district court imposed a 30-month prison sentence.

Because the drug-treatment program is mandatory for eligible offenders and the criminal risk-need and drug-abuse assessments are necessary to determine Brown's

eligibility, we vacate Brown's sentence and remand the case with directions that he be ordered to undergo the missing assessments in conformance with Kansas law.

## FACTUAL AND PROCEDURAL HISTORY

In January 2020, the State charged Brown with possession of methamphetamine (a severity level 5 drug felony), theft, and possession of drug paraphernalia. Brown eventually entered into a plea agreement, where he pleaded no contest to the methamphetamine charge and the State dismissed the remaining charges. Based on Brown's criminal-history score of C and the nature of his previous convictions, Brown and the State recommended he serve 18 months' probation in a drug-treatment program under Senate Bill 123 with an underlying 30-month prison sentence. In March 2021, the district court accepted the plea and noted Brown would need to undergo additional assessments to confirm his eligibility for the treatment program.

Brown's presentence investigation report found he met the preliminary requirements for drug treatment and indicated that he had returned an information form. But Brown missed two phone appointments to complete his LSI-R—the criminal risk-need assessment. See *State v. Ybarra*, No. 123,312, 2022 WL 262984, at *2 (Kan App. 2022) (unpublished opinion) (describing assessments used to evaluate eligibility for Senate Bill 123 drug treatment); K.S.A. 2021 Supp. 21-6824. Brown had not called to reschedule these appointments. As the assessment was not administered in Brown's earlier cases, the report stated no further eligibility screening could be completed. The record is silent as to whether Brown underwent the drug-abuse assessment (the other required Senate Bill 123 evaluation).

At his April sentencing hearing, Brown explained that he had called to complete his criminal risk-need assessment, but nobody answered his calls, and the voicemail of the program contact was full. He stated that he also left messages with other people in the

office. Though Brown fell in the 5-C border box of the drug sentencing grid, the court declined to grant probation and imposed a 30-month prison sentence. Brown appeals.

DISCUSSION

Kansas law permits offenders who meet specific statutory criteria to serve their sentence in a drug-abuse treatment program instead of prison. See K.S.A. 2021 Supp. 21-6824. This program is available for people who are convicted of a felony under K.S.A. 2021 Supp. 21-5705 or K.S.A. 2021 Supp. 21-5706—for possessing, cultivating, or distributing drugs—and do not have any previous convictions related to similar drug crimes. K.S.A. 2021 Supp. 21-6824(a)(1)-(2).

The program's requirements differ depending on a person's sentencing-grid classification—the combination of the severity level of the crime of conviction and the person's criminal-history score. People with lower classifications automatically undergo drug-abuse and criminal risk-need assessments to determine their eligibility for drug treatment. K.S.A. 2021 Supp. 21-6824(a)(1), (b). These assessment results are included in the presentence investigation report. K.S.A. 2021 Supp. 21-6824(b). If the drug-abuse and criminal risk-need assessments reflect a high-risk status and a moderate- or high-risk status, respectively, a court must impose treatment. K.S.A. 2021 Supp. 21-6824(c); *State v. Andelt*, 289 Kan. 763, 774, 217 P.3d 976 (2009) (under prior statute, K.S.A. 21-4729[a][1], court lacks discretion in sentencing qualified person). Offenders with higher sentencing-grid classifications follow the same general process, but there are extra requirements before they can undergo the assessments. K.S.A. 2021 Supp. 21-6824(a)(2).

Brown and the State agree that he met the initial eligibility requirements under K.S.A. 2021 Supp. 21-6824(a). Brown was convicted of possession of methamphetamine under K.S.A. 2020 Supp. 21-5706(a), the crime severity level and his criminal history placed him in drug grid box 5-C, and he did not have a disqualifying prior conviction.

3

Thus, he met the lower threshold for eligibility—automatically triggering the need for the drug-abuse and criminal risk-need assessments. Given this classification and history, Brown argues the district court erred by sentencing him before he completed the required assessments. He asserts that because treatment is mandatory for qualifying individuals, without the assessment results, the court could not have known whether its sentence complied with the statute. We agree.

As a preliminary matter, we note that Brown did not challenge the district court's decision before this appeal. Though appellate courts, as courts of review, are generally loath to consider issues for the first time on appeal, we may do so here because our court has recognized on several occasions that a sentence that fails to comply with Senate Bill 123 requirements is illegal and may be challenged at any time. See *State v. Swazey*, 51 Kan. App. 2d 999, 1000-01, 357 P.3d 893 (2015); *State v. Dawson*, No. 119,446, 2019 WL 1976418, at *1 (Kan. App. 2019) (unpublished opinion); *State v. Johnson*, No. 115,919, 2017 WL 1369957, at *3 (Kan. App. 2017) (unpublished opinion); see also K.S.A. 2021 Supp. 22-3504(c)(1) (illegal sentence "does not conform to the applicable statutory provision, either in character or punishment").

Moreover, we are not persuaded by the State's argument that this court lacks jurisdiction to consider Brown's claim since his sentence fell within the presumptive range under the Kansas Sentencing Guidelines. See K.S.A. 2021 Supp. 21-6805(a), (d); K.S.A. 2021 Supp. 21-6820(c)(1). It is true that Brown fell in the 5-C box on the drug grid, which allowed the court to impose either an optional nonprison sentence or a prison sentence between 28 and 32 months. K.S.A. 2021 Supp. 21-6804(q); K.S.A. 2021 Supp. 21-6805(a), (d). It is also true that Brown's 30-month sentence falls within that presumptive range. But the crux of Brown's argument is that his sentence does not conform to the law because the legislature adopted additional requirements district courts must follow before imposing prison sentences for someone in his situation, and the court

4

here did not follow those steps. Accord *Andelt*, 289 Kan. at 771-72 (statute mandates drug treatment for qualified offenders).

This case is similar to the situation presented in *State v. Worley*, No. 114,899, 2016 WL 6024584 (Kan. App. 2016) (unpublished opinion). There, the district court ordered a presentence investigation report and the Senate Bill 123 assessments, but Worley did not report to court services to complete the report or take the assessments. The district court then ordered a second report, though it is unclear whether it reordered the assessments. That report did not contain the assessment results, and the court declined to impose drug treatment.

On review, the Court of Appeals found that the district court's imposition of a prison sentence without the assessment results was reversible error. 2016 WL 6024584, at *3. Worley was entitled to the assessments when the district court became aware that he met the K.S.A. 2015 Supp. 21-6824(a) qualifications—after the presentence investigation report's completion. Despite Worley's initial noncompliance, we found the district court was still obligated to order the assessments. And courts may take certain steps, such as confining a defendant, to ensure cooperation and completion of these initial evaluations. 2016 WL 6024584, at *3.

As in *Worley*, Brown met the threshold qualifications for Senate Bill 123 treatment, which then triggered the need for the required assessments. Because he did not undergo the criminal risk-need assessment (or perhaps the drug-abuse assessment), his risk status was not included in the presentence investigation report. But this failure did not disqualify him from participating in drug treatment. The lack of assessment results does not establish ineligibility; it merely prevents the court from determining eligibility. See *Swazey*, 51 Kan. App. 2d at 1005-06 (vacating sentence when criminal risk-need assessment identified score but did not indicate whether score placed defendant in qualifying risk status). Rather than sentencing him without the assessment results, the

5

court should have taken steps to ensure Brown completed the missing assessments before sentencing him.

As we noted in *Worley*, we appreciate the district court's frustration when Brown did not take steps to complete the required evaluations. But this frustration does not permit a court to disregard the legislature's mandate in K.S.A. 2021 Supp. 21-6824. And there remain several tools at a district court's disposal for ensuring completion of those assessments, so the district court may sentence a defendant in full compliance with the law. See *Worley*, 2016 WL 6024584, at *3.

The court erred by sentencing Brown before he completed his drug-abuse and criminal risk-need assessments. We vacate Brown's sentence and remand the case so the district court may order that Brown undergo the remaining assessments and then resentence him accordingly.

Sentence vacated and case remanded with directions.