NOT DESIGNATED FOR PUBLICATION

No. 124,033

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KARA WHITNEY HAGGARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed July 22, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Kara Whitney Haggard appeals the district court's decision to place her on community corrections rather than court services probation for her criminal conviction. We granted Haggard's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State did not respond. On review, we affirm Haggard's sentence.

FACTUAL AND PROCEDURAL HISTORY

In November 2020, Haggard pleaded guilty to possessing methamphetamine on December 16, 2019, in violation of K.S.A. 2019 Supp. 21-5706(a), (c)(1). The district court determined that Haggard's criminal history classification was G. Based on this and

1

Haggard's presentence investigation report, the court imposed an underlying presumptive prison sentence of 15 months but suspended the sentence in favor of 18 months of probation to be supervised by community corrections. The district court also ordered Haggard to complete a mandatory drug treatment program under K.S.A. 2019 Supp. 21-6824 for up to 18 months.

ANALYSIS

On appeal, Haggard argues that the district court erred in placing her on community corrections rather than court services probation.

Haggard does not dispute that she was subject to mandatory drug treatment under K.S.A. 2019 Supp. 21-6824, which requires the district court to order a drug treatment term of up to 18 months. Nor does she challenge the 18-month term of probation. As to her sole claim that the district court erred by not assigning court services to monitor her probation, the statute clearly states that the drug treatment must be supervised by community correctional services. K.S.A. 2019 Supp. 21-6824(d)(1); *State v. Swazey*, 51 Kan. App. 2d 999, Syl. ¶ 3, 357 P.3d 893 (2015) (holding that if offender qualifies for mandatory drug treatment, "the sentencing court is required to commit the offender to treatment in a drug abuse treatment program [for] no . . . longer than 18 months"). In fact, Haggard's counsel agreed that she would have to be supervised by community corrections under the statute.

> "In her case, we're anticipating that she's going to be SB 123, so I don't really see that there's too big of a problem here. She's going to be supervised by Community Corrections per the statute. It's just a question of whether or not she's going to be judged low or high. That could ultimately disqualify her from SB 123 if she doesn't get the right score, because that LSI-R score is one of the things that can determine her eligibility. But we know she's going to be with Corrections."

2

Given Haggard's crime, criminal history, and presentence investigation report, the district court followed K.S.A. 2019 Supp. 21-6824(c) by imposing a presumptive prison sentence of 15 months. In addition, the court followed the statutory requirement of releasing Haggard to drug treatment. It also followed the statute by ordering an 18-month suspension of her prison term with a corresponding probation term of 18 months to be supervised by community correctional services. K.S.A. 2019 Supp. 21-6824(d)(1). It had no discretion to do otherwise. See *State v. Andelt*, 289 Kan. 763, 774, 217 P.3d 976 (2009) ("A district court does not have discretion to sentence an offender otherwise qualifying for a drug abuse treatment program to imprisonment.").

We generally lack authority to review a presumptive sentence. See K.S.A. 2019 Supp. 21-6820(c)(1). But our Supreme Court has held that—although mandated—an order for drug treatment under K.S.A. 21-4729 (now K.S.A. 2021 Supp. 21-6824) is not considered a presumptive sentence because it is not provided in the Kansas Sentencing Guidelines Act grid box. See *Andelt*, 289 at 770-71. So we look only at whether the sentence the district court imposed was legal. "'A sentence is illegal under K.S.A. 22-3504 if it: (1) was imposed by a court lacking jurisdiction; (2) does not conform to statutory provisions in character or term of punishment authorized; or (3) is ambiguous with regard to the time and manner it is to be served.'" *State v. Sartin*, 310 Kan. 367, 370, 446 P.3d 1068 (2019). Haggard does not argue that the sentence was illegal, only that the court "erred." The sentence was clearly not illegal. And even if we used an abuse of discretion standard, a district court does not abuse its discretion when it fails to exercise discretion it does not have.

Affirmed.