No. 85,174

STATE OF KANSAS, *Appellee*, v. VERNON P. THOMAS, *Appellant*.

(46 P.3d 543)

Opinion filed May 31, 2002.

*Geary N. Gorup,* of The Law Office of Geary N. Gorup, of Wichita, was on the brief for appellant.

*Richard A. Olmstead,* assistant district attorney, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: This appeal raises the apparent first impression question of whether K.S.A. 22-2302(2) grants an absolute right to a convicted person to obtain a copy of the affidavits or sworn testimony utilized to support the probable cause for his or her arrest warrant.

Vernon P. Thomas pled guilty by agreement to two counts of aggravated burglary, three counts of kidnapping, two counts of robbery, two counts of felony theft, one count of burglary, and one count of misdemeanor theft in November 1994.

The trial court did not follow the State's recommended sentence of 15 years to life because of the traumatic impact of Thomas' crimes on the victims and lack of mitigating factors and sentenced

him to 30 years to life followed by a 33-month consecutive sentence.

Thomas' four previous appeals, Nos. 74,253, 77,993, 82,225, and 82,426, unpublished opinions, resulted in no affirmative relief except for a remand for resentencing on one count that did not affect his controlling sentence.

In May 1999, and while one of Thomas' previous appeals was pending, he filed a motion to compel production requesting the district court to order its clerk to send him a copy of the affidavits or sworn testimony provided to the court in support of arrest and search warrants in his case. In the motion, he stated he would send any necessary fee to the clerk for the copies. The motion made reference to a prior request by letter to the clerk wherein the request was made pursuant to K.S.A. 22-2302(2).

The trial court denied the request, stating that since Thomas' case was currently on appeal and he was represented by counsel, "[a]ny request for documentation must be made through counsel, as counsel may have access to the requested information."

From this ruling, Thomas has appealed.

Our standard of review of the statutory provisions applicable to this appeal were summarized in *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643-44, 941 P.2d 1321 (1997):

> " 'Interpretation of statutes is a question of law. The function of the court is to interpret the statutes, giving the statutes the effect intended by the legislature. *State ex rel. Stephan v. Kansas Racing Comm'n,* 246 Kan. 708, 719, 792 P.2d 971 (1990).
>
> "As a general rule, statutes are construed to avoid unreasonable results. *Wells v. Anderson,* 8 Kan. App. 2d 431, 659 P.2d 833, *rev. denied* 233 Kan. 1093 (1983). There is a presumption that the legislature does not intend to enact useless or meaningless legislation. *In re Adoption of Baby Boy L.,* 231 Kan. 199, Syl. ¶ 7, 643 P.2d 168 (1982)." *City of Olathe v. Board of Zoning Appeals,* 10 Kan. App. 2d 218, 221, 696 P.2d 409 (1985).
>
> . . . .
>
> "In order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof *in pari materia. . . ." Kansas Commission on Civil Rights v. Howard,* 218 Kan. 248, Syl. ¶ 2, 544 P.2d 791 (1975).' "

In dealing with criminal statutes we are instructed that:

"[C]riminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. [Citations omitted.]" *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235 (1998).

And,

"[t]he rule of strict construction means that ordinary words are to be given their ordinary meaning. Such a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it." *Matjasich v. Kansas Dept. of Human Resources*, 271 Kan. 246, 252, 21 P.3d 985 (2001).

The statutory provision which is in issue in this appeal appears in K.S.A. 22-2302, which reads as follows:

"(1) If the magistrate finds from the complaint, or from an affidavit or affidavits filed with the complaint or from other evidence, that there is probable cause to believe both that a crime has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue . . . .

"(2) Affidavits or sworn testimony in support of the probable cause requirement of this section shall not be made available for examination without a written order of the court, *except that such affidavits or testimony when requested shall be made available to the defendant or the defendant's counsel for such disposition as either may desire.*" (Emphasis added.)

The statute is part of Article 23, relating to preliminary proceedings; however, subsection (2) was added to Article 23 nine years after its enactment. L. 1970, ch. 129, § 22-2302; L. 1979, ch. 90, sec. 8.

Thomas argues that under the specific wording of K.S.A. 22-2302(2), he has the statutory right to examine any supporting affidavits or sworn testimony applicable to the establishment of probable cause necessary for the issuance of arrest or search warrants in his case. He specifically states he is not asserting any constitutional or other discovery right to the documents.

The State counters that the statute does not apply to post-conviction requests or, in the alternative, that because Thomas was represented by counsel he did not have a personal right under the statute to the documents.

Although the statutes in issue have been placed in Article 23 of Chapter 22, which is headed "PRELIMINARY PROCEEDINGS," nothing in the statutory language limits the application of the statute to pretrial matters. If it were so limited, the restrictions relating to third parties could arguably not apply after conviction, and affidavits and sworn testimony would be available without a written court order. Such was clearly not intended by the amendment in 1979, and we will not construe the statute in such a manner to add a limitation not clearly stated. The statute is applicable to both pre-and post-conviction situations and is applicable to our facts.

Having held that K.S.A. 22-2302(2) applies to post-conviction motions, we come to the heart of the parties' arguments. The State argues the wording "such affidavits or testimony when requested shall be made available to the defendant or the defendant's counsel" in 22-2302(2) allows the mandate of the statute to be satisfied by making the documents available to either the defendant or his or her counsel. In this case, the State claims the documents are available to Thomas' counsel and, thus, the State is not required to make them available to Thomas individually.

Thomas seizes on the second half of the sentence in K.S.A. 22-2302(2), which states: "for such disposition as either may desire." He contends that because the statute provides for availability of the documentation to both counsel and the defendant, it would be illogical to limit document examination to counsel for a represented defendant.

The wording of 22-2302(2) clearly states the requested documents are to be made available "to the defendant *or* the defendant's counsel for such disposition as *either* may desire." (Emphasis added.)

We implied in *Davis v. Vermillion,* 173 Kan. 508, 510-11, 249 P.2d 625 (1952), that generally "or" is to be interpreted as used in the disjunctive: " '[T]he ordinary interpretation given to the word "or" is not as a conjunctive.' " Quoting 67 C.J.S. at 518. See also *State ex rel. Stephan v. Martin,* 230 Kan. 747, 753, 641 P.2d 1011 (1982), where we analyzed the mixed usage of "or" and "and" where true meaning and intent of a statute were in issue. Such is

not necessary for the usage of "either," which is defined as "one or the other" in Webster's II New Riverside University Dictionary 420 (1988), clearly shows that the defendant's right to obtain and use the requested information is not limited by his or her being represented by counsel.

The trial court's ruling that a represented defendant can only have access to the documents through his or her counsel is illogical in light of the statutory language. The plain wording of the statute requires a construction that both a defendant and his or her counsel were intended to have access to the requested documents.

A review of the purpose of the amendment and legislative history leads to the same conclusion. K.S.A. 22-2302(2) begins: "Affidavits or sworn testimony in support of the probable cause requirement of this section shall not be made available for examination without a written order of the court. . . ." This language seems intended to prevent access to affidavits and other sworn testimony in order to keep confidential the names of the individuals supplying the information as well as the information itself. But, the subsection continues: "except that such affidavits or testimony when requested shall be made available to the defendant or the defendant's counsel for such disposition as either may desire." While the statute prevents unlimited access to supporting probable cause documentation, it concurrently does not prevent access to the defense. Not only has the legislature expressly provided the defense access, but it specifically stated that the defense may have access regardless of the reason for the request.

K.S.A. 22-2302(2) was the result of an amendment by the Senate Judiciary Committee to House Bill No. 2124. The language originated in Senate Bill No. 42. Senate Judiciary Committee Minutes, March 29, 1979. Concerning the Senate Judiciary Committee amendment to H.B. 2124, the supplemental note on H.B. 2124 states:

"H.B. 2124 amends various provisions of the Kansas Criminal Code. Among the changes recommended by the Senate Committee on Judiciary . . . are the following:

. . . .

"4. amending K.S.A. 22-2302 and 1978 Supp. 22-2502 to require a court order, except for a request by the defendant or defendant's counsel, in order to examine affidavits or sworn testimony filed with the district court to support the probable cause determination upon which a search warrant or arrest warrant can be issued."

The supplemental note on Senate Bill No. 42 states:

"Sections 4 and 5 amend K.S.A. 22-2302 and K.S.A. 1978 Supp. 22-2502 to provide that affidavits or sworn testimony filed with the district court upon which a probable cause determination must be made before either a search warrant or an arrest warrant can be issued, are not to be available for examination without a written court order. The only exception would be to allow, upon request, a defendant or defendant's counsel to receive the affidavits or sworn testimony."

Based on the wording of the statute and the legislative history surrounding enactment of K.S.A. 22-2302(2), either a defendant or his or her counsel is entitled to examine affidavits and sworn testimony used in support of the probable cause requirement for an arrest warrant or summons issued in his case. In that an identical provision appears in K.S.A. 22-2502(c), Thomas would also be entitled to examine the same documentation used to support any search warrants in his case. However, he is not entitled to compel production of the documents without first forwarding to the court clerk any necessary fee required by that office to produce and send the documentation.

Reversed and remanded with instructions to make available the requested documents upon receipt of the necessary fee for such production.