IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 127,231

STATE OF KANSAS,
*Appellee*,

v.

DENNIS O. HAYNES III,
*Appellant.*

SYLLABUS BY THE COURT

1.

K.S.A. 22-2302(b) and K.S.A. 22-2502(d) grant defendants a personal right to obtain affidavits or sworn testimony supporting arrest and search warrants, respectively, but these provisions do not address access to the warrants themselves.

2.

A defendant may properly initiate a request for probable-cause materials supporting arrest or search warrants under K.S.A. 22-2302(b) and K.S.A. 22-2502(d) by filing a motion directly with the district court.

Appeal from Sedgwick District Court; DAVID DAHL and TYLER ROUSH, judges. Submitted without oral argument April 2, 2025. Opinion filed July 3, 2025. Affirmed in part, reversed in part, and remanded with directions.

*Wendi C. Miller*, of Kechi, was on the briefs for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WALL, J.: Dennis O. Haynes III is serving a life sentence for first-degree murder. He filed a motion requesting access to the warrants and their supporting materials in his criminal case. The district court granted Haynes partial relief. It agreed that Haynes had a right to access his arrest warrant and supporting affidavit. But it denied his request to access any search-warrant materials. The district court erred by granting Haynes only partial relief.

K.S.A. 22-2302 and K.S.A. 22-2502 address the disclosure of materials supporting a Kansas warrant. Together these statutory provisions give defendants a personal right to access affidavits or sworn testimony that the State filed in support of the warrant's probable-cause requirement. But the statutes do not give defendants the right to access the warrants themselves. Thus, we affirm the lower court's order granting Haynes access to the arrest-warrant affidavit. We reverse the order denying access to any search-warrant affidavits. And we remand with instructions to produce any search-warrant affidavits upon receipt of the necessary fee for production.

FACTS AND PROCEDURAL BACKGROUND

In 2014, Haynes pleaded guilty to first-degree murder, two counts of attempted first-degree murder, attempted aggravated robbery, and attempted possession of marijuana with intent to distribute. The district court sentenced Haynes to a controlling term of life imprisonment with no opportunity for parole for 20 years.

Nine years later, Haynes filed a habeas corpus motion under K.S.A. 2024 Supp. 60-1507 alleging constitutionally ineffective assistance of counsel. That motion was later refiled as a separate civil case.

2

A couple months later, Haynes filed a postconviction motion in his criminal case without the help of a lawyer. That motion requested production of the probable-cause affidavits and all warrants from his criminal case. The State opposed the motion, arguing that Haynes cited no authority for his request and failed to explain how these documents related to his habeas corpus claims. The district court adopted the State's rationale and denied Haynes' motion.

Haynes moved for reconsideration, this time citing K.S.A. 22-2302. That statute mandates that arrest-warrant affidavits "shall be made available to the defendant" upon request. At that time, Haynes did not mention K.S.A. 22-2502, which contains nearly identical language for search-warrant affidavits.

The district court granted Haynes' motion in part. The court ruled that Haynes was entitled to the arrest warrant and its supporting affidavit under *State v. Thomas*, 273 Kan. 750, 46 P.3d 543 (2002). The court also said that "[t]hose documents are included" with the order. But the court denied access to "the additional documents" Haynes requested.

Haynes appealed directly to our court. Under K.S.A. 22-3602(a), a criminal defendant may appeal from any final judgment the district court enters against the defendant. Typically, the "final judgment in a criminal case is the sentence." *State v. Tafoya*, 304 Kan. 663, 666-67, 372 P.3d 1247 (2016). But if a statute gives criminal defendants a right or remedy that can be exercised after conviction, then defendants can invoke that right by filing "a new matter . . . within [their] old criminal case." *State v. LaPointe*, 305 Kan. 938, 951, 390 P.3d 7 (2017). And the parties may appeal from a final order resolving such matters. See 305 Kan. at 951; see also *State v. Richardson*, 316 Kan. 752, 753, 521 P.3d 1111 (2022) (finding appellate jurisdiction over denial of postconviction-discovery motion); *State v. Butler*, 315 Kan. 18, 20, 503 P.3d 239 (2022) (same); *State v. Angelo*, 316 Kan. 438, 445, 518 P.3d 27 (2022) (finding appellate jurisdiction over summary denial of postconviction DNA testing motion).

Haynes' appeal, which challenges the denial of his postconviction motion for probable-cause materials, fits in this category. And our court is the proper forum for such an appeal because Haynes was convicted of an off-grid crime and received a life sentence. See K.S.A. 22-3601(b)(3)-(4) (Kansas law generally mandates Supreme Court review for appeals involving life sentences or off-grid crimes.).

ANALYSIS

Our analysis begins by identifying precisely what documents Haynes seeks. Although his pro se motions in district court did not neatly delineate the documents he sought, we read such postconviction motions liberally. See *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). So construed, Haynes' motions requested the following materials:  (1) the arrest warrant; (2) the probable-cause affidavits supporting that warrant; (3) any search warrants; and (4) the probable-cause affidavits supporting those search warrants. The State agrees with our reading of Haynes' motion.

With these items in mind, we next examine the scope of Haynes' right to access warrant materials under the statutory scheme.

I.   *The governing statutes grant defendants access to warrant affidavits, not warrants themselves.*

K.S.A. 22-2302 and K.S.A. 22-2502 govern the disclosure of documents supporting a Kansas warrant. The disclosure requirements under both statutes vary depending on whether the warrant was issued before or after July 1, 2014. Haynes' arrest warrant was executed in August 2013, so the pre-July 2014 provisions apply.

4

For arrest warrants, K.S.A. 22-2302(b) provides that "affidavits or sworn testimony in support of the probable cause requirement . . . shall not be made available for examination without a written order of the court, except that such affidavits or testimony when requested shall be made available to the defendant or the defendant's counsel for such disposition as either may desire." K.S.A. 22-2502(d) contains substantively identical language for search warrants. Thus, a defendant's right of access is the same for both types of warrants. *Thomas*, 273 Kan. at 755.

These statutes give defendants and their counsel a right to access only the "affidavits or sworn testimony in support of the probable cause requirement." K.S.A. 22-2302(b); K.S.A. 22-2502(d). They don't give defendants the same right of access to the warrants themselves. This is logical because warrants become publicly available once executed unless sealed by court order. See Supreme Court Rule 22(d)(10), cmts. 1, 2 (2025 Kan. S. Ct. R. at 78).

A defendant may invoke this statutory right by simply requesting the materials, "regardless of the reason for the request." 273 Kan. at 754. And that request may be made even after the defendant has been convicted. 273 Kan. at 753 ("The statute is applicable to both pre-[ ]and post-conviction situations . . . ."). While defendants can invoke the right of access for any reason, both before and after conviction, they are "not entitled to compel production of the documents without first forwarding to the court clerk any necessary fee required by that office to produce and send the documentation." 273 Kan. at 755.

The distinction between invoking the right to access probable-cause materials and the fulfillment of that right through production of the requested items is an important distinction that is relevant to our analysis of the district court's order.

II. *Haynes properly invoked his statutory right, and the district court erred by denying his request to access search-warrant materials.*

Before turning to the merits, we first consider whether Haynes' motion properly invoked his statutory right to access the warrant materials. In *Thomas*, the defendant first requested materials from the court clerk before seeking judicial intervention. But here, Haynes directed his initial request to the district court. The State argues that this approach was premature because defendants must first request the records from the clerk's office.

But the statutory scheme imposes no such requirement. The applicable provisions state only that the documents "shall be made available" to defendants "when requested," without specifying to whom the request should be directed. K.S.A. 22-2302(b); K.S.A. 22-2502(d). While the defendant in *Thomas* first contacted the clerk, nothing in the statute mandates this approach. Thus, the State's argument does not prevent us from reviewing the district court's ruling, and we proceed to the merits.

After initially denying Haynes' motion, the district court granted part of his motion for reconsideration. Specifically, the district court ruled that Haynes had a right to access "the probable cause affidavit . . . even post-conviction." But it concluded that he was not "entitled to the additional documents" related to the search warrants. The district court was correct that Haynes had a right to access the arrest-warrant affidavit. But it erred in denying Haynes' motion to access the search-warrant affidavits. That request falls squarely within K.S.A. 22-2502(d)'s disclosure requirements.

The State acknowledges that Haynes had a statutory right to access warrant affidavits, "*if* he paid any mandatory fee to the clerk of court for producing them." But it argues that Haynes failed to establish what the fee would have been or that he paid it. So, the State believes that Haynes is seeking free copies of the probable-cause materials. It also contends that the record fails to show whether any search-warrant materials exist.

6

Neither argument lends support to the district court's ruling. Haynes never demanded free documents. His motions, briefing, and comments at a district court hearing indicate that he is willing to pay the necessary fees once informed of the costs. K.S.A. 22-2502(d) does not require defendants to independently identify which probable-cause materials exist or to calculate the fee to produce these documents. Instead, defendants invoke their statutory right by simply requesting the search-warrant materials, which Haynes did. Once the right has been invoked, the clerk of the court is best positioned to calculate any production costs related to the request. And the clerk may release the requested records once the defendant has paid that fee. But here, the clerk of the court did not have the opportunity to calculate any fee, and Haynes did not have the opportunity to pay it, because the district court improperly concluded that Haynes was not entitled to access the search-warrant materials.

The State also claims that any error in the district court's ruling was harmless because Haynes waived collateral attacks to his convictions in his plea agreement and because he faces procedural barriers to a K.S.A. 60-1507 motion. This argument misunderstands the nature of the right at issue. K.S.A. 22-2302(b) and K.S.A. 22-2502(d) give defendants a personal right to access probable-cause materials "for such disposition as [defendants] may desire." Thus, the district court's denial of access to these materials alone is prejudicial to Haynes' statutory rights. And the error cannot be deemed harmless merely because the State believes his subsequent legal efforts might fail.

Finally, Haynes argues that the district court also erred in handling his request for arrest-warrant materials. The district court's order on reconsideration indicated that the arrest-warrant affidavit was included. But Haynes' counsel alleges that the document was not actually attached to the order. We agree with the State that Haynes has failed to demonstrate error. After all, the district court ruled in Haynes' favor. And there is no evidence in the record supporting Haynes' claim that he did not receive the arrest-warrant

7

affidavit. In fact, a copy of the arrest-warrant affidavit was included as part of the record on appeal. Based on the record before us, Haynes has failed to demonstrate error related to this part of the district court's order. *State v. Liles*, 313 Kan. 772, 783, 490 P.3d 1206 (2021) (appellant has the burden to designate a record showing error).

As for the search-warrant materials, Haynes has a clear statutory right to any supporting affidavits under K.S.A. 22-2502(d). The district court erred in denying this request. Under *Thomas*, Haynes may compel production but must forward "to the court clerk any necessary fee required by that office to produce and send the documentation." 273 Kan. at 755.

In sum, we affirm the district court's ruling on the arrest-warrant materials. We reverse its ruling on the search warrant materials. And we remand with instructions to make available any search-warrant affidavits upon receipt of the necessary fee for production.

Affirmed in part, reversed in part, and remanded with directions.

WILSON, J., not participating.